BENJAMIN E. S. BABCOCK ET ALS. *vs.* THE AFRICAN
METHODIST EPISCOPAL ZION SOCIETY ET ALS.

First Judicial District, Hartford, January Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GREENE, Js.

In 1862 an ecclesiastical society conveyed its church property in Hartford to three persons, "in trust" for its own use and occupation as a place of worship, and "in further trust" to sell and convey the land and building when, in the concurrent opinion of the grantors and grantees, it should be for the best interest of the

society; and in case of such sale, then to invest the avails in another house of worship for its use. The deed also provided that in case of the death of either of the three grantees, the remaining trustees might fill the vacancy. All of the trustees are dead and none of them appointed a successor or made any conveyance of the premises. In 1898 the Court of Probate for the district of Hartford, upon application of the society, appointed three trustees to fill the vacancies, one of whom is still living. The City of Hartford made an offer for the property, and certain members of the society brought this application to the Superior Court praying for an order for the sale of the property, or for the appointment of trustees to carry out the purposes of the trust. *Held:*—

1. That the provisions of § 1034 of the General Statutes applied to the situation, inasmuch as there had been "a change of circumstances" since the creation of the trust, in consequence of which its execution "in exact accordance with the terms of the deed" had become impossible; and therefore the Superior Court had jurisdiction to appoint successors to the original trustees to carry out the purposes expressed in the deed; and that such appointees might sell and convey the church property provided they concurred with the society that such a sale was for its best interest.

2. That the Court of Probate had no jurisdiction to appoint trustees in 1898, since the statute (§ 249) relied upon to justify such appointment expressly provided that it should not apply where provision "is made by law" for the contingency of the death of the original trustee; and that § 1034 supplied such provision.

3. That the terms of the trust did not confer any personal discretion upon the original trustees which was not also given to their successors.

Aside from the statutory provision (§ 1034) for filling a vacancy caused by the death of a trustee, the plaintiffs claimed that this contingency had been provided for, in the present instance, by the terms of the trust deed itself. *Held* that a determination of this question was unnecessary.

A trust will not be allowed to fail for want of a trustee to administer it.

Argued January 2d—decided April 30th, 1918.

SUIT to obtain an order for the sale of church property, or for the appointment of new trustees to carry out the trust created by a deed of the property in 1862, brought to the Superior Court in Hartford County where a demurrer to the complaint and a motion to expunge were overruled (*Shumway, J.*), and the cause was afterward tried to the court, *Burpee, J.;* facts found

and judgment rendered appointing trustees as prayed for, and appeal by the defendants. *No error.*

The complaint claimed, first, an order for the sale of the church property of the society on Pearl Street in Hartford, and the investment of the proceeds, partly in other Hartford real estate, and the balance as the court might deem proper to secure the objects of the trust created by the trust deed of March 1st, 1862; or, second, the appointment of a trustee to carry out the purposes of the trust; and, third, such other and further relief as the court might deem equitable.

The society made default of appearance, but the plaintiffs, the defendant Hill, and other members of the society who were made defendants on their own motion, appeared, and were at issue to the court.

The court found the following facts: The defendant society is a duly-organized ecclesiastical society located in Hartford, and the plaintiffs are members of it. On March 1st, 1862, it owned land, with a church thereon, situated on the south side of Pearl Street in Hartford. A parsonage also now stands on the land. On that day the society's committee, duly empowered by vote of the society, executed and delivered to James B. Hosmer, Thomas Smith and Samuel Coit, all of Hartford, a deed of said premises, "in trust, honor and confidence that the said grantees shall at all times suffer and permit the said Ecclesiastical Society, known as the 'African Methodist Episcopal Zion Society,' to use and occupy said land and building for the purpose of a place of religious worship, and for all the uses for which said Ecclesiastical Society may lawfully need the same, and in further trust to sell and convey the said land and building whenever in the concurrent opinion of the grantors as expressed by their vote at a legal meeting duly called, and the grantees it shall be for the best interest for said Ecclesiastical Society to sell the

same, and in case of such sale then in further trust to invest the avails of such sale in another lot of land and house of worship for said Ecclesiastical Society." The deed contained the further provision that "in case of death or resignation of either of the aforesaid trustees the grantees, the remaining trustees, may fill the vacancy."

Since the delivery of this deed, said Hosmer, Smith and Coit have died without making any conveyance of the premises and without appointing any successor.

On November 16th, 1898, the Court of Probate for the district of Hartford, on the application of the society, appointed Jackson Ross, Morris Hill, and Vigil Wilson, to be trustees under the deed, to fill the vacancies caused by the deaths of Hosmer, Smith, and Coit, and the trustees so appointed accepted the trust and qualified as such trustees.

Since said appointment by the Court of Probate, Ross and Wilson have died without making any conveyance of the premises, and no successors have been appointed. The defendant Morris Hill is the sole surviving trustee.

The property is worth about $75,000, and the City of Hartford has offered $56,500 for it. The bishop of the diocese has approved the offer, but the society is unable to convey title to the premises to the city because it is now impossible to comply with the provisions of the trust deed.

In connection with the city's offer, the society now holds the option to buy the Methodist Episcopal Church and parsonage on Windsor Avenue in Hartford for $36,000, which would leave a residue from the purchase money to be paid by the city of $20,500, to be used for the benefit of the society. The Pearl Street premises are incumbered by a mortgage, on which $1,500 is still due, and which, being paid out of the

$56,500, would leave a net residue of $19,000. Morris Hill, the sole surviving trustee, did not assent to, nor approve, the sale of the premises to the city of Hartford.

The Superior Court reached the following conclusions: 1. That the plaintiffs were entitled to equitable relief. 2. That a sale and purchase as proposed would be advantageous to said society, but that there was doubt as to the sufficiency of the price offered for the Pearl Street property. 3. That the intent of the trust deed was that the Pearl Street property should be sold and conveyed whenever, in the concurrent opinion of the society, as expressed by vote at a legal meeting duly called, and of the trustees named in the deed, it should be for the best interests of the society to sell it. 4. That there was doubt as to the legality of the society meeting at which it was voted to accept the offer of the city of Hartford for the Pearl Street property. 5. That under existing circumstances there could be no such concurrent vote as was required by the deed. 6. That it was not advisable to order the sale of the Pearl Street property to the City of Hartford and the investment of the proceeds in the Windsor Avenue property. 7. That if such sale and reinvestment be made, it should be made in conformity with the terms of said trust deed. 8. That the Superior Court had power and jurisdiction to appoint three trustees to carry out the purposes of the trust created in the deed of 1862. 9. That by concurrent vote of said trustees and said society, the offers of the city and of the church on Windsor Avenue might be accepted and the conveyance made. 10. That the trustees to be appointed should include said Hill.

The Superior Court rendered judgment granting the plaintiffs' second prayer for relief and appointed Morris Hill, the Hartford Trust Company, and the City Bank

and Trust Company, to carry out and execute the purposes of the trust created by said deed, and all the defendants, except said society, appealed to this court.

*Herbert S. Bullard* and *Alvan Waldo Hyde,* for the appellants (defendants).

*William F. Henney,* for the appellees (plaintiffs).

GREENE, J. The defendants' appeal sets up nine reasons of appeal. The first is that the court erred in overruling the second ground of demurrer to the complaint, which was that the allegations of the complaint do not show "a change of circumstances or in the conditions of such real estate" within the meaning of § 1034 of the General Statutes. The complaint shows that the original trustees are dead, and that they appointed no successors. The trust deed contemplated a sale and conveyance either by them or by successors to be appointed by them. It is evident that there has been such a change of circumstances as prevents the execution of the trust in exact accordance with the terms of the deed. There is no merit in the first reason of appeal.

The second reason is the overruling of the third ground of demurrer to the complaint, which was that the allegations of the complaint do not show that the execution of the trust in exact accordance with the terms of the deed is, or will become, impossible, or that the execution of the trust must fail to secure the objects manifestly intended by the grantors. The same facts which show that there is no merit in the first reason show that there is no merit in the second.

The third reason is the overruling of the demurrer to the second claim for relief, the ground of which is

that the Superior Court had no power to bestow on, or delegate to, the appointee of the Court of Probate the power to determine whether it is best for said society to make the proposed sale, purchase, and investment of the balance of the purchase money. As the Superior Court did not bestow on, or delegate to, said appointee such powers, there is no merit in the third reason of appeal.

The fourth reason of appeal is that the court erred in holding that the power of sale in the trust deed did not cease to exist on the death of the original trustees. Whether the power of sale ceased with the death of the original trustees, depends on the intent of the grantors, as shown by the language of the deed, read in the light thrown on it by their circumstances. They intended that the church property should be held for the society as long as its interests required holding, and sold when its interests required selling. The need of selling might arise at any future time, as well after the deaths of the original trustees as during their lives. The grantors provided for other trustees to succeed the original ones, and it is reasonable to believe that they intended the successors to act for the good of the society when its good required a sale. To provide for the appointment of trustees who would be unable to do an essential part of the duties, for the doing of which the trust was created, would be very improvident, and that the grantors so intended is very improbable. We find nothing in the language of the trust provision to indicate that a personal discretion was given to the original trustees which was not also given to their successors. The fourth reason of appeal is insufficient.

The fifth reason is that the court erred in holding that the power to fill vacancies did not cease to exist upon the death of the original trustees. This reason involves either one or both of two claims. The first is

that the power to fill vacancies was given by the deed only to the original trustees, so that their successors had no power to fill vacancies. The successors appointed by the Court of Probate made no attempt to fill vacancies, and whether they, or any other successors, could, under the trust deed, fill vacancies, was not decided by the Superior Court, and is an irrelevant question. The second claim possible under this reason is that no court has power to fill vacancies. This claim conflicts with the rule that a trust will not be allowed to fail for want of a trustee to administer it. *Dailey* v. *New Haven*, 60 Conn. 314, 22 Atl. 945. The fifth reason of appeal is insufficient.

The sixth reason of appeal is that the court erred in holding that the Court of Probate had no jurisdiction to appoint successors to the original trustees. The seventh reason of appeal is that the court erred in holding that the Superior Court had jurisdiction to appoint trustees after the Court of Probate had assumed jurisdiction of the trust, and while one of its appointees survived. These two reasons may be considered together. The defendants claim that the Court of Probate had power to appoint successors to the original trustees under General Statutes, § 249, which existed in the same form when the Court of Probate made the appointment in 1898. This statute, omitting such clauses as are irrelevant to this case, provides as follows: "When any person shall have been appointed trustee of any estate, . . . and no provision is made by law or by the instrument under which his appointment may be derived for the contingency of his death, . . . the Court of Probate of the district within which such estate shall be, . . . may, on the happening of any such contingency, appoint some suitable person to execute such trust, taking from him a probate bond." This statute confers no jurisdiction on the

Court of Probate in cases where, first, any provision is made by law for the contingency of the trustee's death, or, second, where any provision is made by the instrument under which his appointment may be derived for the contingency of his death. In this case the Court of Probate had no jurisdiction to act, because there was a provision made by law for the contingency of the trustee's death. This provision is found in General Statutes, § 1034, which has existed in the same form since the Revision of 1888, where it appears as § 778. This statute reads as follows: "In all cases where real estate is held by a trustee under a trust created by deed, and by reason of a change of circumstances, or in the condition of such real estate, since the creation of such trust, the execution thereof in exact accordance with the terms of such deed has or shall become impossible, or must necessarily fail to secure the objects manifestly intended by the grantor in said deed, the Superior Court in the county wherein such real estate is situated may, on the complaint of the trustee or any party beneficially interested in the trust, order the sale of said real estate, or any part thereof, and the investment of the proceeds, either in other real estate or as trust funds generally may be by law invested, for the benefit of the party beneficially interested in such trust, in such manner as said court may deem the most proper to secure the object for which said trust was originally created, as near as may be, according to the intent of the original grantor appearing in the original deed. All parties interested in said real estate, by reason of said trust, or as reversioners, shall be made parties to any action." This statute covers the present case. Here were trustees holding real estate under a trust created by deed. The deed required the duties thereby created to be performed by the original trustees, or by successors ap-

pointed by the original trustees. The original trustees died without performing certain duties which might become requisite and which now require performance, i. e. to sell the land, and without appointing successors. The circumstances have thus changed since the creation of the trust, so that the execution of the trust in exact accordance with the terms of such deed is now, and had become at the time of the action of the Court of Probate, impossible. Under such circumstances, the Superior Court was by this statute authorized, on the death of the original trustees without appointing successors, to order the sale of the land, and to appoint trustees to make the sale. As the object of the statute is "to secure the object for which said trust was originally created, as near as may be, according to the intent of the original grantor appearing in the original deed," and as the intent of the grantors was that the sale should not be made until the interests of the society required it, it would have been proper for the Superior Court, in 1898, when the Court of Probate acted, to have appointed trustees to hold the real estate until it should be determined in the manner provided by the deed that the interests of the society required a sale, and then to make a sale and conveyance. The action of the Court of Probate was unauthorized and void, and the Superior Court had jurisdiction to appoint trustees. There is no merit in the sixth and seventh reasons of appeal.

The plaintiffs claim not only that provision is made by law for the contingency of the deaths of the original trustees, but also that provision is made by the trust deed for such contingency. Whether this is true depends on the meaning of the statutory language. A provision was made by the deed that the original trustees should appoint successors, but by their failure to appoint successors the provision in the deed for the

contingency of their death became ineffective. There is therefore a question whether "provision made by the instrument," means provision which at the delivery of the deed appeared sufficient, or provision which, in fact, proved sufficient. It is unnecessary to decide this question.

It appears from the foregoing that there is no merit in the eighth reason, which claims that trustees appointed by the Superior Court cannot exercise the power of sale created by the trust deed.

As to the ninth reason of appeal, which claims error in appointing trustees under the claims for relief, such appointment is proper under the second prayer, "the appointment of a trustee to carry out and execute the purposes of said trust."

There is no error.

In this opinion the other judges concurred.