## THE RAYHOL COMPANY *vs.* FLORENCE HOLLAND ET AL.

Third Judicial District, Bridgeport, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued November 6th, 1929—decided January 6th, 1930.

518

"Darien, Sept. 8, 1917

"We, F. Raymond Holland & Florence C. Holland, his wife, of Darien, Connecticut, being desirous of protecting the interests of Mrs. Wm. A. Jenner and Dr. W. J. Holland, who have united in giving us the land & the house which we now own on Scotts Cove in the town of Darien, Connecticut, unite in expressing our approval of the suggested deed, which has been shown us by Dr. W. J. Holland & express our willingness & intention to sign such a deed when

520

it shall have been finally prepared; it being understood that in substance this deed provides for the following:

"1. The transfer to some reputable & capable trust company of the title to the property we hold in trust for the following objects:

"1. To secure to both of us during our respective lifetimes of its occupancy as a home for ourselves.

"2. To secure to the survivor of us, in the event of the death of one of us, of the occupancy of this property as a home.

"3. To secure the succession of the title to this property to any child or children who may be born to us & who may survive us.

"4. In the event of a separation between us to secure to each of us, in case we mutually agree that the property should be sold that proportion of the value of the property which has been respectively contributed by Mrs. Wm. A. Jenner, the mother of Mrs. Florence C. Holland, & Dr. W. J. Holland, the father of F. Raymond Holland.

"5. In the event of its being deemed desirable to sell the property, to secure the reinvestment of the proceeds either in another home, to be held in trust for us or the survivor of us or in good securities, the income to be paid to us or the survivor of us.

"6. In the event of the death of both of us without leaving children of our marriage, the property to be sold, or the securities representing the proceeds of a prior sale to be divided & returned to the estates of Mrs. Wm. J. Jenner & Dr. W. J. Holland in the proportions which they have contributed to secure us this property.

"Florence C. Holland :        W. J. Holland

"F. Raymond Holland :        Witness"

*William H. Comley,* with whom, on the brief, was *Charles E. Williamson,* for the appellant (defendant Florence Holland).

*Raymond E. Hackett,* for the appellee (plaintiff).

MALTBIE, J.  It should be noted that at all times the defendants have held the property subject to the terms of a declaration of trust, for at the time they acquired it they executed a written memorandum in which they agreed, by way of testamentary provision, to secure the property, or the proceeds of it if sold,

subject to life uses to themselves, to their daughter, or if she died, to secure to Mrs. Jenner the share of the life use to which Mrs. Holland was entitled. Such a declaration would be sufficient to give rise to a trust in which Mrs. Jenner or her estate would be a beneficiary; 1 Perry on Trusts (7th Ed.) § 82; and the fact that this declaration took the form of an undertaking to make provision by will does not affect its validity. *Strakosch* v. *Connecticut Trust & Safe Deposit Co.,* 96 Conn. 471, 114 Atl. 660; *Hull* v. *Thoms,* 82 Conn. 647, 651, 74 Atl. 925. In the absence of any agreement to the contrary, the buildings placed upon the land became a part of the freehold and would be equally affected by the trust. *Frink* v. *Branch,* 16 Conn. 260, 272; *Ward* v. *Ives,* 91 Conn. 12, 21, 98 Atl. 337. What would be the effect of this declaration of trust upon the right of the plaintiff to a partition we have no occasion to consider, but we do regard the existence of that trust as a material consideration in determining the intent of the parties as regards the memorandum of agreement made on September 8th, 1917, and the suggested deed referred to in it.

This brings us to the question of the correctness of the court's finding that that memorandum, whether considered alone or in connection with the surrounding circumstances, did not in any way limit or affect the right of either party to seek a partition of the property and was not intended to have such an affect. It will be noted that these findings are not, as the plaintiff seems to think, to the effect that this memorandum and the suggested deed were merely an informal expression of a willingness of the parties to enter into an agreement, rather than an expression of an actual and complete agreement then and there entered into by them, leaving only for future action the execution of a formal document designed to carry it into effect.

But if the finding were susceptible of the construction which the plaintiff claims, we would not be able to sustain it. Whether it be regarded as one or the other of these things must depend " 'upon the intention of the parties as gathered from the language used when interpreted in the light of the surrounding circumstances.' " *Garber* v. *Goldstein,* 92 Conn. 226, 228, 102 Atl. 605. The memorandum recites that the parties "unite in expressing our approval of the suggested deed, which has been shown to us by Dr. W. J. Holland and express our willingness and intention to sign such a deed when it shall have been finally prepared; it being understood that in substance this deed provides for the following." Here was the definite approval of the terms of a then-existing document which the parties had seen; an intention to sign "such a deed" when it was "finally prepared," not when it should be drawn up or the like; and an attempt at a résumé of its provisions as existing, not a statement of terms which should be included in such an instrument thereafter to be drawn. That the memorandum was roughly and hurriedly sketched by Dr. Holland is of course of no moment, if its terms are clear. If we turn to the suggested deed as originally prepared we find a very complete and well drawn deed of trust which left nothing of importance for future consideration and agreement; and if we note the changes which Dr. Holland made in it, in view of the death of the defendants' daughter, we cannot find that they introduced into the situation any uncertainty as to the rights of the parties. There were two obvious reasons why the agreement was then signed and the deed was not then executed: The consent of the Stamford Trust Company to act as trustee had not been secured, and the document had been marred by Dr. Holland's corrections and interlineations. But the fact that the

trust company might refuse to act would not prevent the memorandum of agreement and the document from constituting a complete declaration of trust; a trust never fails for the want of a trustee, but the courts will appoint some one to act if the person named in the instrument refuses. *Babcock* v. *African Methodist Episcopal Zion Society*, 92 Conn. 466, 473, 103 Atl. 665. The presence of the interlineations and corrections, instead of introducing an element of doubt into the situation, are the obvious reasons for the drawing and execution of the memorandum, in order that, whatever delays might follow in finally preparing a deed of trust for execution, there might be from that time forth a binding agreement defining the rights of the parties. Nothing in the other circumstances surrounding the situation suggests in the least that the purpose of the parties was other than to make a presently effective agreement, leaving only for further action the formal preparation and due execution of an instrument adapted to carry that agreement into final effect.

The finding of the court that the agreement did not have the effect of limiting the right of either party to seek a partition of the premises must be regarded as a legal conclusion drawn from the terms of the memorandum and suggested deed, and the finding that the parties did not intend it should affect or limit that right must be regarded as a statement of the intention of the parties expressed in that memorandum and deed; for if these documents constitute a complete agreement we cannot regard any unexpressed intent but only that which in them does find expression. *Ziulkoski* v. *Barker*, 94 Conn. 491, 494, 109 Atl. 185.

The main provisions of the declaration of trust stated in the agreement and the deed are these: That the parties or the survivor of them are to be permitted

to use and occupy the premises as a residence for themselves and for any child or children that may be born to them so long as they continue to live together and that the premises should not be sold except with the written consent of both; that, if the parties separated, the trustee should sell the property and the proceeds should be invested; that thereafter, there being no child, the income should be paid to the defendants in proportion to the amounts advanced by their respective parents for the establishment of the home; and that at the death of either the proportionate share from which he or she had been receiving the income would be paid to that parent, or to his or her heirs, executor or administrator. At the time the agreement was executed the parties brought about a situation such that the partition of the property either by actual division or by sale would clearly defeat the rights established by their declaration of trust. Even if we assume—and we cannot do more, because this aspect of the trust declaration is not presented to us in this case—that by reason of their separation Mrs. Holland cannot longer insist upon the right to occupy the premises as a home but that the sale of the property may be necessary under the provisions of the trust, this would not alter the fact that the defendants voluntarily substituted for the method provided by law a plan for dealing with their common interests in the property complete in itself; and we would not be justified because a sale may now be necessary in any event, to refuse to give effect to that declaration. Nor can we regard a sale in partition as the substantial equivalent of the sale by the trustee provided in the declaration of trust. Sale in partition ordinarily means a sale by a committee appointed by the court at auction at a time fixed. Practice Book, p. 533. Sale by a trustee gives a greater opportunity to search out

and obtain, by private negotiation, the best bargain reasonably possible and requires the use of all reasonable diligence by the trustee to secure such a bargain; it permits the beneficiaries to obtain offers for the property which they may submit to the trustee; and even though in this case the sale is directed to be made "forthwith" this could not have been intended to mean any more than as soon as would be reasonably possible in view of the duty of the trustee to secure the best price reasonably obtainable. *Callaway* v. *Hubner*, 99 Md. 529, 534, 58 Atl. 362; *Winder* v. *Nock*, 104 Va. 759, 763, 52 S. E. 561; *In re Varet's Estate*, 168 N. Y. Supp. 896; 2 Perry on Trusts (7th Ed.) §§ 770, 771; Lewin on Trusts (13th Ed.) pp. 1059-1062.

This being the situation, there can be no question that the plaintiff is not entitled to maintain its partition suit. Ordinarily where the legal title to property is vested in two persons as tenants in common either is entitled to a decree of partition by actual division or by sale. *Scovil* v. *Kennedy*, 14 Conn. 349, 361; *Beecher* v. *Beecher*, 43 Conn. 556, 560; *Johnson* v. *Olmsted*, 49 Conn. 509, 517; *Candee* v. *Candee*, 87 Conn. 85, 89, 86 Atl. 758. But the parties may enter into a reasonable agreement which will expressly or impliedly debar them from seeking a partition. *Martin* v. *Martin*, 170 Ill. 639, 642, 48 N. E. 694; *Roberts* v. *Wallace*, 100 Minn. 359, 111 N. W. 289; *Yglesias* v. *Dewey*, 60 N. J. Eq. 62, 47 Atl. 59; *Friesner* v. *Friesner*, 193 Iowa, 576, 187 N. W. 437; *Peck* v. *Cardwell*, 2 Beaven, 137; 1 Tiffany on Real Property (2d Ed.) p. 711; 47 Corpus Juris, pp. 321, 322. So a partition will not be granted where to do so would involve the violation of a valid trust or the defeat of its purposes. *Ogilby* v. *Hickox*, 144 N. Y. App. Div. 61, affirmed, 202 N. Y. 614, 96 N. E. 1123; *Springer* v. *Bradley*

(Mo.) 188 S. W. 175; *Baldwin* v. *Humphrey,* 44 N. Y. 609, 616; *McLaughlin* v. *Greene,* 198 Mass. 153, 156, 83 N. E. 112; *Condict* v. *Condict,* 73 N. J. Eq. 301, 75 Atl. 815; 47 Corpus Juris, 317. Although the terms of the statute which authorizes our courts to order the partition of the estates owned in common (General Statutes, §§ 6067, 6073) are broad, the proper protection of the rights of the owners of property held in common and of those who are entitled to the benefit of valid trust provisions require that they should be read as not intended to include the situations we have just discussed. *Avery* v. *Payne,* 12 Mich. 540; *Springer* v. *Bradley, supra; LaCoste* v. *Duchesnay,* L. R. (1924) App. Cas. 166.

The trial court was in error in entering a decree for the partition of the premises by sale. This requires that judgment should be entered upon the complaint in favor of the defendant Mrs. Holland. She, however, filed in the trial court a counterclaim asking, among other things, a decree compelling the execution of proper documents to carry out the trust declared in the agreement and suggested deed. In view of the decision of the trial court upon the complaint no action was taken upon this counterclaim. That it may have proper consideration, we therefore return the case for further proceedings.

There is error, the judgment is set aside and the Superior Court is directed to enter judgment upon the complaint for the defendant Florence Holland in accordance with this opinion and to proceed upon the counterclaim according to law.

In this opinion the other judges concurred.