HOWELL R. GEIB III *v.* JOHN D. MCKINNEY, JR., ET AL.

HOWELL R. GEIB III *v.* WALKER MCKINNEY ET AL.
(14519)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

---

Argued October 1—decision released December 22, 1992

*David D. Legere,* with whom, on the brief, were *William H. Narwold* and *Robert P. Dolian,* for the appellants (named defendant et al. in each case).

*Patricia A. Carpenter,* for the appellee (plaintiff in each case).

CALLAHAN, J. The named defendants, Walker McKinney and John D. McKinney, Jr., appeal from the judgment of the trial court, on the report and recommendation of an attorney state trial referee, ordering the partition by sale of two parcels of real estate situated in Weston, owned jointly by the defendants and their nephew, the plaintiff, Howell R. Geib III.[1]

---

[1] The defendants to this action were Walker and John D. McKinney, James B. and Grosvenor Richardson, and the Norwalk Savings Society. We refer herein to the named defendants as "the defendants."

The plaintiff commenced two actions pursuant to General Statutes §§ 52-495 and 52-500 (a) to partition both the "Birch Hill" property and the "Richardson" property that were held by the parties to this action as joint tenants with an express right of survivorship.[2] The actions were consolidated and were referred to Arthur A. Hiller, attorney state trial referee, for trial. The trial was bifurcated to try the issue of partition separately from the issue of how the proceeds of a partition by sale, if ordered, should be distributed.

After a hearing to determine the propriety of partition, the trial referee recommended a judgment of partition by sale of both properties and the appointment of an appraiser to assess their values. The defendants moved to correct the trial referee's memorandum of decision claiming that: (1) partition was improper because it would impermissibly destroy the express right of survivorship in the properties; and (2) appointment of an appraiser would cause unnecessary expense. The trial referee denied the defendants' motion to correct, and the defendants filed an objection to the acceptance of the trial referee's report pursuant to Practice Book § 444. The trial court, *Katz, J.,* rendered a judgment of partition by sale for each of the properties and appointed an appraiser. The defendants appealed to the

---

[2] General Statutes § 52-495 provides in pertinent part: "PARTITION OF JOINT AND COMMON ESTATES. Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail. The court may appoint a committee to partition any such property."

General Statutes § 52-500 provides in pertinent part: "SALE OF REAL OR PERSONAL PROPERTY OWNED BY TWO OR MORE PERSONS. (a) Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners."

Appellate Court. We transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The trial referee could reasonably have found the following facts. In 1983, the parties purchased the Birch Hill property in Weston for use as a vacation home for weekend and summer use. Walker McKinney paid the purchase price of $154,000, closing costs of $2835 and $48,106 in initial improvements.[3] The parties, however, agreed that the property would be owned equally by all three and that over a period of time each would contribute to the costs equally. A mortgage from the Norwalk Savings Society was taken out on the property in the amount of $108,300, and the mortgagors, the plaintiff and John D. McKinney, paid over the entire amount borrowed to Walker McKinney. In addition, the plaintiff and John D. McKinney each paid Walker McKinney $31,147.[4] According to the deed, all three parties owned the property as joint tenants with the right of survivorship.

In February, 1985, the parties decided to purchase seven acres of unimproved land, referred to as the Richardson property, for investment purposes. At that time, the parties also owned four undeveloped lots on Long Island—the plaintiff owned one lot; John D. McKinney owned one lot; and Walker McKinney owned two lots. Each lot was worth $22,500. In order to purchase the Richardson property, the plaintiff and the McKinneys agreed with the seller of the Richardson property to exchange their lots for the Richardson property and to give the seller a $75,000 purchase money

[3] Walker McKinney also claims to have made $93,965 worth of improvements to the Birch Hill property in 1988.

[4] The parties disagree as to whether $21,147 of John D. McKinney's payment was a gift or a loan to the plaintiff.

mortgage. Because Walker McKinney had paid the closing costs and contributed an additional lot to the purchase of the Richardson property, the plaintiff and John D. McKinney each paid one half of the monthly mortgage payments until November 1, 1990, when the plaintiff's payments ceased. All three parties took title to the Richardson property as joint tenants with rights of survivorship and the deed to the property so indicated.

Toward the end of 1985, after the purchase of these properties, the plaintiff and Walker McKinney had what they called a "parting of the ways." Thereafter, the plaintiff never used the Birch Hill property, and was told that he was no longer welcome there. Walker McKinney had control over trust funds for the plaintiff and, after their estrangement, made mortgage payments from these funds on the plaintiff's behalf on both the Birch Hill property and the Richardson property until November 1, 1990, when Walker McKinney, without notifying the plaintiff, began to pay the plaintiff's share of the mortgage payments on both properties himself.

The defendants claim that the trial court improperly ordered: (1) the partition of properties, because they were held in joint tenancy with an express right of survivorship; (2) the partition of properties by sale, because the party who sought partition had only a minimal interest in the properties; and (3) an appraisal of the properties.

I

The defendants first claim that the trial court improperly ordered the partition of the two properties because partition impermissibly destroyed their rights of survivorship. Specifically, they argue that partition improperly defeated the parties' intention as evidenced by the

right of survivorship expressed in the deeds to the properties. We do not agree.

General Statutes § 52-495 vests authority in courts having jurisdiction of actions for equitable relief to order "partition of any real property held in *joint tenancy*, tenancy in common, coparcenary or by tenants in tail." (Emphasis added.) The right to partition has long been regarded as an absolute right, and the difficulty involved in partitioning property and the inconvenience to other tenants are not grounds for denying the remedy. "No person can be compelled to remain the owner with another of real estate, not even if he become such by his own act; every owner is entitled to the fullest enjoyment of his property, and that can come only through an ownership free from dictation by others as to the manner in which it may be exercised. Therefore the law afforded to every owner with another relief by way of partition . . . ." *Johnson v. Olmsted,* 49 Conn. 509, 517 (1882); see also *Wilcox v. Willard Shopping Center Associates,* 208 Conn. 318, 325, 544 A.2d 1207 (1988); *Delfino v. Vealencis,* 181 Conn. 533, 536–37, 436 A.2d 27 (1980).[5]

The defendants contend, however, that because the parties to these actions specifically intended to create a right of survivorship and provided for this right by an express provision in the deeds to both the Birch Hill property and the Richardson property, the plaintiff has no right to partition these properties without their consent. According to the defendants, although partition

[5] That the partition in this case was by sale rather than by kind does not render the right to partition less available to the plaintiff. Even though partition by sale is not the preferred remedy, "[t]he statute giving the power of sale introduces . . . no new principle; it provides only for an emergency, when a division cannot be well made, in any other way." *Richardson v. Monson,* 23 Conn. 94, 97 (1854); see also *Struzinski v. Struzinsky,* 133 Conn. 424, 426, 52 A.2d 2 (1947) (the statutory proceeding for sale is ancillary to that for partition by physical division).

may normally be appropriate for joint tenancies, partition with respect to a joint tenancy with an express right of survivorship is impermissible because the right of survivorship creates a contingent remainder interest in the survivors that cannot be defeated by one of the joint tenants.

Although there is authority for the proposition that certain survivorship interests in real property are, under some circumstances, indestructible in the absence of the voluntary act of all the joint tenants; *Hughes* v. *Fairfield Lumber & Supply Co.,* 143 Conn. 427, 430–31, 123 A.2d 195 (1956) (jointly held property with right of survivorship annexed created an interest in the surviving owner that could not be attached by a creditor of deceased owner); *Blodgett* v. *Union & New Haven Trust Co.,* 111 Conn. 165, 167–68, 149 A. 790 (1930) (jointly held bonds providing for survivor of joint owners created a remainder interest for survivor for purposes of succession tax); see generally note, "Survivorship Deeds and Joint Tenancy in Connecticut," 31 Conn. B.J. 70 (1957); this is clearly not the case with respect to the right of an owner to partition real property. General Statutes § 47-14h, which was enacted subsequent to § 52-495, provides that "[a]ll provisions of existing statutes applicable to joint tenancies are applicable to joint tenancies with right of survivorship."[6] Under the applicable principles of statutory construction, the enactment of § 47-14h signifies that the legislature intended § 52-495 to provide for a right to partition that applies equally to both joint tenancies and joint tenancies with rights of survivorship. See also *United States* v. *Mosolowitz,* 269 F. Sup. 12, 17–18 (D. Conn. 1967) (subjecting joint tenancies with a right of survivorship to all other statutes applicable to joint tenancies).

---

[6] These provisions apply to deeds that existed on June 29, 1959, and those executed thereafter unless a claim to the contrary was recorded upon the land records within one year from June 29, 1959. General Statutes § 14-14k.

To support their contention that an express right of survivorship creates a contingent remainder interest in the survivor that cannot be defeated by the other joint tenants, the defendants cite § 27 of volume 59A of the second edition of American Jurisprudence. A reading of § 27 in its entirety, however, reveals that only a minority of jurisdictions adheres to the rule that an express right of survivorship creates an indestructible contingent remainder. Not mentioned in the defendants' brief, but stated in § 27 is the following: "The general rule is that joint tenants with the right of survivorship may bring actions for partition." 59A Am. Jur. 2d, Partition § 27 (1987). Connecticut follows the majority rule.

The defendants also claim that regardless of the general rule applicable to joint tenancies with a right of survivorship, the trial court improperly ordered partition by sale because it failed first to hold a hearing in order to ascertain the intent of the parties in creating the survivorship interest. During argument before the attorney state trial referee, however, the defendants did not claim that such a hearing was necessary. Although the trial referee did not preclude evidence concerning the circumstances surrounding the creation of the right of survivorship, there was nothing elicited that would have led the trial referee to inquire whether such a private arrangement, if one existed, could have overcome the statutory right to partition afforded the plaintiff. The testimony that the trial referee did hear regarding the intent of the parties in creating a survivorship interest did not indicate the existence of any collateral understanding that might have barred the plaintiff from seeking partition. It is not unprecedented that a separate agreement, such as a trust, can protect certain survivorship interests against a partition action. *Rayhol Co.* v. *Holland,* 110 Conn. 516, 526–527, 148 A. 358 (1930). We cannot discern anything in the

record, however, that should have prompted the trial referee to disregard the legislative intent manifested in §§ 52-495 and 47-14h that a partition action will not be barred simply by the creation of a joint tenancy with an express right of survivorship. The defendants' claim that the trial referee failed to provide a hearing on the intent of the parties is, therefore, without merit.

## II

The defendants next claim that the attorney state trial referee improperly recommended and the trial court improperly ordered a partition by sale without first inquiring into the extent of the actual interests of the parties in the two parcels. The defendants argue that if the trial referee had in fact inquired into the interests of the parties, he would have found that the plaintiff had only a minimal interest, thereby rendering a partition by sale improper. We disagree.

At trial, the trial referee ordered the issue of partition to be tried separately from the issue of how the proceeds of any sale, if ordered, should be distributed. Although the defendants originally objected to this bifurcation and argued that their survivorship interests barred a partition action, they specifically told the trial referee that if either of their special defenses failed to bar partition altogether, then partition by sale would be appropriate as to both pieces of property.[7] More-

[7] The following exchange occurred before the attorney state trial referee:
"The Court: All right. Now, as of now, you are still not prepared to—concede on the issue of whether or not a partition is appropriate?
"[Counsel for the defendants]: Well, having —
"The Court: I just want to make sure now, so that when we start to go into the evidence, I know exactly where we stand.
"[Counsel for the defendants]: We still claim our defense as to the effect of the right of survivorship provisions—
"The Court: And that is the only defense that you are planning.
"[Counsel for the defendants]: To the partition by sale, yes.
"The Court: To the partition by sale. Fine. Okay. So, maybe we will be able to resolve that this afternoon. So that with your denial in both cases,

over, the fact that the trial referee tried the issue of partition separately from the issue of the distribution of the proceeds did not preclude the trial referee from inquiring into the interests of the parties with respect to the two pieces of property and how those interests, if any, would affect or be affected by partition.[8]

A partition by sale, although a creature of statute, is an equitable action. *Gaer Bros., Inc.* v. *Mott,* 147 Conn. 411, 415, 161 A.2d 782 (1960). Section 52-500 (a) permits a court, "upon the complaint of any person interested, to order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners." See also *Borzencki* v. *Estate of Stakum,* 195 Conn. 368, 372, 489 A.2d 341 (1985). The standard for reviewing the defendant's claim is whether the court abused its discretion in ordering a partition by sale. See *LaCroix* v. *LaCroix,* 189 Conn. 685,

---

as to paragraph three, that the plaintiff's and the defendant's each have an undivided one-third interest in the real estate, that's the issue that we are going to proceed with on your special defense, that denial still stands?

"[Counsel for the defendants]: Essentially, Your Honor. Our claim is that the interests of the parties are other than one-third, one-third, one-third.

"The Court: And the second denial that you have as to paragraph five, and that will now be admitted and an order of partition by sale is necessary because the physical division of the property is impractical and inequitable and the interest of the property owners would be promoted as a result, thereof. Except for the defense as to joint tenants, that will be admitted. If your defense is overruled as to joint tenancy, then paragraph five will be admitted and the sale would be appropriate.

"[Counsel for the defendants]: Yes, *we agreed that a partition by sale is appropriate,* that it would be impractical and not in the interest of the parties to physically partition either of the two parcels." (Emphasis added.)

[8] The defendants claim that partition by sale of the Birch Hill property is particularly inequitable. They do not, however, argue that partition in kind would be more appropriate than partition by sale for either of the two properties in question. Therefore, we do not explore the issue of whether the court should have compared the equities of a partition in kind to those of a partition by sale. See, e.g., *Delfino* v. *Vealencis,* 181 Conn. 533, 536, 436 A.2d 27 (1980).

689–90, 457 A.2d 1076 (1983). In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. *DiPalma* v. *Weisen,* 163 Conn. 293, 298–99, 303 A.2d 709 (1972).

The attorney state trial referee heard testimony from both Walker McKinney and the plaintiff concerning the parties' respective contributions to, and present use of, the properties. From that testimony it was reasonable for the trier of fact to have found, with respect to both the Birch Hill and the Richardson properties, that it was the original intention of all the parties that each would own an equal one-third interest. Although Walker McKinney initially advanced considerably more money to purchase the properties than did the plaintiff, the parties subsequently shared the costs and mortgage payments so that the plaintiff would ultimately have contributed his one-third share. The plaintiff did in fact make mortgage payments on both properties for several years until November 1, 1990, when Walker McKinney, without notifying the plaintiff, commenced paying the plaintiff's share of the mortgage payments from his own funds. Contrary to the defendants' contention, the trial referee could reasonably have found that the plaintiff had more than a minimal interest in both properties and could likewise reasonably have found that partition by sale would "better promote the interests of the owners." General Statutes § 52-500 (a).

The defendants also challenge the trial court's order of a partition by sale of both properties because, they say, it would result in an inequitable distribution of the proceeds. As previously noted, however, the issue of the appropriate distribution of the proceeds of any sale is to be considered separately from the issue of partition and is now pending in the trial court. Although it may be true that a party can obtain partition only to the extent of his interest, for the purposes of the

present bifurcated appeal, it is necessary to conclude only that the testimony amply demonstrates that the trial referee reasonably found that the plaintiff had more than a minimal interest in the properties in question and did not abuse his discretion when he recommended, and the court ordered, a partition by sale.

## III

The defendants finally claim that the trial court improperly ordered an appraisal of the Birch Hill and the Richardson properties. They argue that because the properties would ultimately be sold and the purchase price, however low, would have to be accepted by the court and the plaintiff, an appraisal was an unnecessary expense and was irrelevant. We do not agree.

General Statutes § 52-502 (a) permits the court in a partition action "to make any order necessary to protect the rights of all parties in interest and to carry the sale into effect." We are limited in our review of the court's order to a determination of whether the trial court, exercising its broad discretion in light of the statute and the circumstances, could legally have acted as it did act. *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249 (1972).

Contrary to the defendants' argument, the court must ultimately approve the sale of the properties in question. Although appraisals were not required; see *Varley* v. *Varley,* 189 Conn. 490, 499, 457 A.2d 1065 (1983); the court could reasonably have concluded that an independent appraisal would furnish guidance and assistance in determining whether to approve a particular sale. We cannot say that the trial court abused its discretion in ordering an appraisal.

The judgment is affirmed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.