[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 18, 1998, the plaintiff filed a complaint for partition or sale of land. On June 22, 1998, the defendant TCD LLC filed an answer and a two-count counterclaim seeking an accounting. Count one alleges that the plaintiff and the defendant are "partners in the realty" sought to be partitioned or sold and that the sale of the property will end the partnership, therefore entitling the "partners" to an accounting. Count two alleges that the parties are also "entitled to a determination of what items of personalty, if any, are included as part of the realty" prior to any sale.
On July 10, 1998, the plaintiff filed a motion to strike the counterclaim on several grounds. The plaintiff moves to strike the first count on the grounds that it fails to state a claim CT Page 1950 upon which relief can be granted because the count is based upon conclusory allegations without the requisite allegations of fact and because the allegations in the count do not support either a partition action or an action for an accounting. In addition, the plaintiff moves to strike the first count because the count seeks to join two causes of action which cannot be properly united in one action. The plaintiff moves to strike the second count on the grounds that it fails to state a claim upon which relief can be granted because it is based upon conclusory allegations without the requisite allegations of fact and because "[a] party cannot seek a declaration that personalty is realty as the two are distinct legal concepts.
On July 24, 1998, the defendant filed an objection to the motion to strike.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield lease Corp. v. Romano's Auto Service.4 Conn. App. 495, 496, 495 A.2d 286 (1985). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint [or counterclaim] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). The court must construe the counterclaim "in a manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark,14 Conn. App. 651, 654, 542 A.2d 752 (1988).
In a complaint for a partition or sale of land, a court may order a partition of the property; General Statutes § 495; or, if the interests of the parties would be better served, may order a partition by sale; General Statutes § 52-500. See Geib v.McKinney, 224 Conn. 219, 230, 617 A.2d 1377 (1992); LeKang v.LeKang, Superior Court, judicial district of Litchfield, Docket No. 054237 (August 11, 1992) (Sosco, J.). "A partition by sale, although a creature of statute, is an equitable action." Geib v.McKinney, supra, 224 Conn. 228. In a partition by sale, "the court would appoint a committee to conduct the sale and pay the proceeds into court. Then, by order of the court, the proceeds remaining after deducting the costs and expenses of the sale CT Page 1951 would be divided among all persons with an interest in the property according to their respective interests. General Statutes § 52-502 (b)." LeKang v. LeKang, supra, Superior Court, Docket No. 054237. "In a partition sale, even where each party may be the owner of an individual one-half interest in the property, it does not necessarily follow that he or she will be entitled to equal shares of the moneys obtained from the sale as the `[e]quities must be considered and, if established, must be liquidated before distribution is ordered.'" Hackett v. Hackett,42 Conn. Sup. 36, 40, 598 A.2d 1112 (1990) aff'd,26 Conn. App. 149, 598 A.2d 1103 (1991), cert. denied, 221 Conn. 905,600 A.2d 1359 (1992).
General Statutes § 52-404 (b) provides for an accounting between cotenants: "When two or more persons hold property as joint tenants, tenants in common or copartners, if one of them . . . takes benefit of the property in greater proportion than the amount of his interest in the property, any other party . . . may bring an action for an accounting . . . against such person and recover such sum or value as is in excess of his proportion." The plaintiff alleges in paragraph 2 of his Complaint for Partition or Sale of Land that he and the defendant "hold the real estate as tenants in common and each has an undivided one-half interest therein."
Accordingly, the plaintiff's motion to strike the first count of the counterclaim is denied since the defendant, as a tenant in common, is entitled to an accounting.
The second count of the defendant's counterclaim alleges that prior to any sale, if so ordered by the court, there should be a determination of which items of personalty are included as part of the realty. In its objection to the plaintiffs motion to strike, the defendant has presented no authority supporting such a claim as a distinct cause of action. It may be more appropriate for the defendant to make a motion for this determination by the court. The plaintiff's motion to strike the second count of the defendant's counterclaim is granted since the second count fails to state a claim upon which relief can be granted.
CURRAN, J.