[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Earl Richards, commenced the present action against the defendant, Lois Richards, his former wife, to obtain a partition of the former marital residence. The parties were legally separated pursuant to a judgment of legal separation dated March 6, 1996, that was later converted into a judgment of dissolution.
The judgment contained two provisions regarding the former marital residence. The first provision provided that the parties shall retain their one-half interest in the real property at 449 Orange Avenue, Milford, Connecticut, as tenants in common without right of survivorship. Whereas, in paragraph 5 of said judgment file, the court ordered the plaintiff and defendant to share equally the expenses of operating and maintaining this property so long as they jointly own it. The court shall retain jurisdiction to enforce this provision.
CT Page 12467 "General Statutes § 52-495 vests authority in courts having jurisdiction of actions for equitable relief to order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail. The right to partition has long been regarded as an absolute right, and the difficulty involved in partitioning property and the inconvenience to other tenants are not grounds for denying the remedy. No person can be compelled to remain the owner with another of real estate, not even if he become such by his own act; every owner is entitled to the fullest enjoyment of his property, and that can come only through an ownership free from dictation by others as to the manner in which it may be exercised. Therefore the law afforded to every owner with another relief by way of partition (Internal quotation marks omitted.)Geib v. McKinney, 224 Conn. 219, 224, 617 F.2d 1377 (1992). "In those cases where the court finds that a sale of the property would better promote the interests of the owners, the court may order such a sale.'"Wilcox v. Willard Shopping Center Associates, 208 Conn. 318, 325,544 A.2d 1207 (1988).
"A plaintiff in an action for partition seeks to sever or dissolve involuntary joint ownership in real property. In furtherance of that objective, a court is limited to rendering a judgment of either partition in kind or by sale of the real property . . . thus terminating the ownership relationship between the parties." (Citation omitted.) Wilcoxv. Willard Shopping Center Associates, supra, 326.
Here, notwithstanding the maintenance clause, the court finds that the judgment was not intended to prohibit partition. Notably, the clause retaining jurisdiction is limited to the maintenance clause. Therefore, the court finds that the sale of the property would better promote the interests of the parties. See Wilcox v. Willard Showing CenterAssociates, supra, 325. Furthermore, the court finds that because the defendant is the tenant in possession, she shall have the right of first refusal. If she exercises same, then the price she shall pay for the property to the plaintiff will be one-half of the agreed value after deducting any mortgage or other liens and one-half of the expenses of either the closing fees and/or transfer expenses.
The Court
Grogins, J.