******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SEAN SOLWAY ET AL. *v.* BRIDGET RAY
(AC 36655)

Beach, Alvord and Mullins, Js.

*Argued January 5—officially released March 31, 2015*

(Appeal from Superior Court, judicial district of
Fairfield, Tyma, J.)

*John R. Hall*, for the appellants (defendants).

*Anthony J. Musto*, for the appellees (plaintiffs).

*Opinion*

ALVORD, J. The defendants, Bridget Ray and Rubin Gabor Csoszor,[1] appeal from the judgment of the trial court ordering the partition by sale of real property located in Westport and owned as tenants in common by Ray and the plaintiffs, Sean Solway,[2] David Solway, and Eamonn Solway. The defendants claim on appeal that the court erred in its determination that the plaintiffs had not waived their right to partition and, consequently, the court's grant of summary judgment was erroneous. We affirm the judgment of the trial court.

The following facts were found by the court. The parties own real property at 149 Riverside Avenue in Westport. Ray, the mother of the three plaintiffs, owns a one-half interest in the property, while each of the three plaintiffs owns a one-sixth interest in the property. Ray additionally holds a life use of the property. The present ownership of the property was preceded by a written agreement executed in 1988 among the plaintiffs, Robert Ray, now deceased, and Ray (1988 agreement).[3] The 1988 agreement provided the Rays with "exclusive occupancy of the residence . . . for life and the life of the survivor of them." Ownership of the property was further affected by a 2008 stipulation, entered into by Sean Solway, Eamonn Solway, and Ray, in which Ray agreed to execute a quitclaim deed to Sean and Eamonn conveying to each a one-sixth interest in the property. The 2008 stipulation also included Sean and Eamonn's agreement to "allow . . . Csoszor to maintain use and quiet enjoyment of the subject property for no less than [180] days after the death of [Ray]."

The following procedural history is relevant to the appeal. In 2012, the plaintiffs commenced this action in the trial court seeking, among other things, partition by sale of the property. Ray, by way of special defenses, alleged that (1) her possession of a life estate in the property could not be terminated through partition, (2) the 2008 stipulation recognizing her life estate and granting a remainder interest to Csoszor constituted a waiver of the plaintiffs' right to seek partition, and (3) a sale of the property would not better promote the interests of the owners as required under General Statutes § 52-500.[4] The plaintiffs moved for summary judgment, arguing that they were entitled to a judgment of partition pursuant to § 52-500. Ray filed an objection, making essentially the same arguments contained in her special defenses.

The court issued its memorandum of decision on September 13, 2013. The court rendered partial summary judgment in the plaintiffs' favor, ruling that the plaintiffs "have met their burden of showing that there are no genuine issue[s] of material fact concerning their right to a judgment for partition as a matter of law in accordance with General Statutes § 52-495."[5] The court

ordered a further hearing to address whether the partition would be in kind or by sale. The defendants filed a motion for reargument, which was denied by the court.

The plaintiffs filed a motion for an order of partition by sale, alleging that a sale of the property would better promote the interests of the owners, and a hearing was scheduled for February 24, 2014, on which date the plaintiffs' counsel appeared and filed an appraisal of the property. The defendants' counsel did not appear and did not file an objection to the motion for order. On February 28, 2014, the court issued an order. The court found that the "physical attributes of the land makes a partition in kind impractical or inequitable," and that "the interests of those having an interest in the property would be better promoted by a partition [by] sale." The court rendered a judgment of partition by sale. The defendants appealed.

We first set forth the standard of review applicable to partition actions. "A partition is equitable in nature, and [t]he determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the . . . discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Sclafani* v. *Dweck*, 85 Conn. App. 151, 155, 856 A.2d 487, cert. denied, 271 Conn. 944, 861 A.2d 1177 (2004).

We next set forth the law governing the right to partition. "[Section] 52-495 vests authority in courts having jurisdiction of actions for equitable relief to order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail. . . . The right to partition has long been regarded as an absolute right, and the difficulty involved in partitioning property and the inconvenience to other tenants are not grounds for denying the remedy. No person can be compelled to remain the owner with another of real estate, not even if he become such by his own act; every owner is entitled to the fullest enjoyment of his property, and that can come only through an ownership free from dictation by others as to the manner in which it may be exercised. Therefore the law afforded to every owner with another relief by way of partition . . . ." (Emphasis omitted; internal quotation marks omitted.) *Geib* v. *McKinney*, 224 Conn. 219, 224, 617 A.2d 1377 (1992).

The defendants' sole claim on appeal is that the court erred in determining that the plaintiffs had not waived their right to partition.[6] This claim fails.

Our review concerns the court's determination that the 1988 agreement and the 2008 stipulation did not

constitute an implied waiver of the plaintiffs' right to partition. We regard this determination as a legal conclusion. See *Rayhol Co.* v. *Holland*, 110 Conn. 516, 524, 148 A. 358 (1930). "When reviewing the trial court's decision to grant a motion for summary judgment, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Karwowski* v. *Fardy*, 118 Conn. App. 480, 485, 984 A.2d 776 (2009).[7]

The defendants acknowledge that ordinarily an owner of property as a tenant in common is entitled to partition of the property. They argue that the parties in this case, however, entered into an agreement by which the plaintiffs impliedly waived their right to partition. The defendants' argument relies almost entirely on *Rayhol Co.* v. *Holland*, supra, 110 Conn. 516, in which our Supreme Court recognized that "parties may enter into a reasonable agreement which will expressly or impliedly debar them from seeking a partition. . . . So a partition will not be granted where to do so would involve the violation of a valid trust or the defeat of its purposes."[8] (Citations omitted.) Id., 526.

In *Rayhol Co.*, our Supreme Court determined that the parties, by way of provisions contained in a declaration of trust, had "substituted for the method provided by law a plan for dealing with their common interests in the property complete in itself," and concluded that the court "would not be justified . . . to refuse to give effect to that declaration." Id., 524–25. In so concluding, the court considered the main provisions of the declaration of trust, including "that the parties . . . are to be permitted to use and occupy the premises as a residence for themselves and for any child . . . so long as they continue to live together, and that the premises should not be sold, except with the written consent of both [parties] . . . ." Id., 525. The parties also had agreed expressly that if the parties separated, the trustee should sell the property. The court further explained that a sale in partition could not be regarded as the equivalent of the sale by the trustee contemplated in the declaration of trust. Id.

The plaintiffs distinguish *Rayhol Co.* by arguing that the agreement in that case concerned the disposition of the property and was unlike the agreement in this case, which simply created the interests in the property. The plaintiffs argue that the present case is analogous to *Geib* v. *McKinney*, supra, 224 Conn. 219, in which our Supreme Court considered the claim that the trial court had improperly ordered the partition of properties that were held in joint tenancy with an express right of survivorship. Id., 223–24. The defendants in *Geib*

argued that the right of survivorship created a contingent remainder interest that could not be destroyed by one of the joint tenants. Id., 224–25. The court in *Geib* cited *Rayhol Co.* for the proposition that "[i]t is not unprecedented that a separate agreement, such as a trust, can protect certain survivorship interests against a partition action."[9] Id., 226. The court concluded, however, that there was nothing in the record in *Geib* "that should have prompted the [fact finder] to disregard the legislative intent manifested in §§ 52-495 and 47-14h that a partition action will not be barred simply by the creation of a joint tenancy with an express right of survivorship." Id., 226–27.

The trial court in the present case addressed the defendants' argument under *Rayhol Co.* and concluded that that case was distinguishable. The court further noted that the present action involved an agreement and a stipulation that merely gave Ray a life use of the property, and Csoszor the right to remain on the property for 180 days following Ray's death. Accordingly, the court concluded that the 1988 agreement and the 2008 stipulation did not constitute an agreement to debar the plaintiffs from seeking partition of the property.

Our review of the defendants' claim requires an analysis of the 1988 agreement and the 2008 stipulation, which the defendants argue constituted an implied waiver of the right to partition. The 1988 agreement, as noted by the court, contained among other provisions, the grant of a life use of the property to Ray. The creation of the life estate alone, as conceded by the defendants,[10] is not sufficient to imply a waiver of the right to partition. Section 52-500 (b) expressly contemplates the partition by sale of a property subject to a life estate and provides that the sale "shall bind the person entitled to the life estate." The defendants point to no other portion of the 1988 agreement that should have prompted the court to disregard the express language of the statute.

The defendants also rely on two provisions of the 2008 stipulation. First, they note the provision that Csoszor would be allowed to remain on the property for 180 days after Ray's death. Second, they note the provision stating that if Ray desired to sell the property, the parties would cooperate in effectuating a sale. The stipulation, including the grant of a 180 day interest to Csoszor and the provision for cooperation if Ray desired to sell the property, falls short of the agreement in *Rayhol Co.*, in which the court concluded that the defendants had "voluntarily substituted for the method provided by law a plan for dealing with their common interests in the property complete in itself . . . ." *Rayhol Co.* v. *Holland*, supra, 110 Conn. 525. In the absence of authority that an incomplete agreement can operate to impliedly waive an owner's right to partition, the

2008 stipulation in this case cannot be construed as having that effect.

Accordingly, our review of the 1988 agreement and the 2008 stipulation leads us to conclude that the provisions contained therein did not rise to the level of the agreement in *Rayhol Co.* The trial court's conclusion that the plaintiffs had not waived their right to partition was legally and logically correct, and the court did not err in granting summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] This action originally was commenced against Ray, but the record reveals that an amended writ, summons, and complaint were filed and that Csoszor was served. An appearance was not filed on Csoszor's behalf until November 2, 2012. Accordingly, some of the pleadings in this action were filed solely on behalf of Ray, and others were filed on behalf of both Ray and Csoszor. The trial court's decisions granting the plaintiffs' motions for summary judgment and for partition by sale were effective against both defendants, and both defendants are parties to this appeal. We refer in this opinion to Ray and Csoszor as the defendants and to them individually by name, as appropriate.

[2] Sean Solway is also known as John Solway.

[3] Upon the death of Robert Ray, his one-third interest passed to Ray, who currently holds a one-half interest.

[4] General Statutes § 52-500 provides: "(a) Any court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners. If the court determines that one or more of the persons owning such real or personal property have only a minimal interest in such property and a sale would not promote the interests of the owners, the court may order such equitable distribution of such property, with payment of just compensation to the owners of such minimal interest, as will better promote the interests of the owners.

"(b) The provisions of this section shall extend to and include land owned by two or more persons, when the whole or a part of the land is vested in any person for life with remainder to his heirs, general or special, or, on failure of the heirs, to any other person, whether the land, or any part thereof, is held in trust or otherwise. A conveyance made pursuant to a decree ordering a sale of the land shall vest the title in the purchaser thereof, and shall bind the person entitled to the life estate and his legal heirs and any other person having a remainder interest in the lands. The court issuing the decree shall make such order in relation to the investment of the proceeds of the sale as it deems necessary for the security of all persons having any interest in such land."

[5] General Statutes § 52-495 provides: "Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail. The court may appoint a committee to partition any such property. Any decrees partitioning entailed estates shall bind the parties and all persons who thereafter claim title to the property as heirs of their bodies."

[6] In their main brief to this court, the defendants also claimed that the court erred in finding that the plaintiffs had met their burden of proof to establish that the partition by sale would "better promote the interests of the owners" as required under § 52-500. In their reply brief, however, the defendants abandon this argument, conceding that a partition in kind was not feasible and stating that "the defendants do not claim that the court was in error for ordering a partition by sale, as opposed to a partition in kind."

[7] The defendants argue that "any subtle distinctions, ambiguities or uncertainty as to the meaning and import of the language used in our agreement should have been resolved by the trial court against the plaintiff[s] in [their] motion for summary judgment." The defendants' challenge, however, is not to the trial court's interpretation of the relevant terms of the agreements: essentially, that Ray was granted a life estate and Csoszor the right to remain on the property for 180 days after Ray's death. The defendants' challenge

is rather to the legal conclusion that those terms do not impliedly waive the plaintiffs' right to partition.

[8] The plaintiffs additionally argue that the defendants have not shown or argued that the alleged implied agreement was reasonable, as required under *Rayhol Co.* Because we conclude that the court properly determined that the parties had not impliedly waived their right to partition through the 1988 agreement or the stipulation, we need not address whether any such agreement to waive the right to partition would be reasonable.

[9] The defendants in the present case also cite to *Geib*, arguing that the language "such as a trust"; *Geib* v. *McKinney*, supra, 224 Conn. 226; constituted recognition that the decision in *Rayhol Co.* was not limited to trusts, but also extended to "any collateral understanding that might have barred the plaintiff from seeking partition." Id. We assume without deciding that the holding in *Rayhol Co.* is not limited to trusts and consider the substance of the agreements at issue.

[10] In the defendants' reply brief, they state: "Presumably, the plaintiffs' point is that, because the partition statute expressly includes joint tenancies within its purview, so it also expressly includes life estates; and therefore a life estate is subject to the statute. The defendants agree that this is the case."

---