ELIJAH B. MIDDLEBROOK *vs.* DAVID PENDLETON.

The defendant had been factorized as an executor, the debt attached being a legacy given by the will. Judgment having been obtained in the suit, and the defendant not paying as garnishee on demand, the plaintiff brought a writ of scire facias against him in his individual capacity, and making demand on him only in that capacity, but setting out the factorizing proceedings in the declaratory part of the writ. The defendant pleaded the general issue, with notice that he should offer evidence of certain facts with regard to the condition of the estate. Held—

1. That judgment could not be rendered against the defendant in his individual capacity, because the facts alleged did not show a liability in that capacity.
2. That judgment could not be rendered against him as an executor, because he was sued only in his individual capacity.
3. That the notice given under the general issue, of matters pertaining only to his liability as executor, was not sufficient to warrant a judgment against him as executor.

SCIRE FACIAS, upon a process of foreign attachment; brought to the Court of Common Pleas of Fairfield County. The writ was as follows:—

VOL. XLVII.—2

To the Sheriff, &c.: Whereas Elijah B. Middlebrook, of the city and state of New York, brought his action of debt on judgment to the Court of Common Pleas for the county of Fairfield, holden at Danbury, in said county, on the 1st Monday of January, 1877, by a lawful writ of attachment issued at said Bridgeport, on the 11th day of December, 1876, directed to the sheriff of the county of Fairfield, his deputy, or either of the constables of the town of Bridgeport within said county, directing him to attach to the value of eight hundred dollars the goods or estate of Albert C. Lewis, of said city of New York, and demanding the sum of five hundred dollars damages, and also directing said officer to leave a true and attested copy of said writ at least twelve days before the session of the court to which the same was returnable, with David Pendleton, of said Bridgeport, or at his usual place of abode, as he was the executor of the last will of Joseph W. Lewis, late of Bridgeport, deceased, and had in his hands as such executor a legacy bequeathed to the said Albert C. Lewis in and by the will aforesaid, and was the attorney, agent, trustee and, debtor of said Albert C. Lewis; which writ was duly served on said Albert C. Lewis, and also a true and attested copy of the same was by said officer left with said David Pendleton more than twelve days before the sitting of the court to which said writ, being duly served, was returned, and by legal removes said action came to the term of said court holden at Danbury, on the first Monday of January, 1878, when and where the plaintiff recovered judgment against the said Albert C. Lewis for the sum of $486.15 damages, and $35.65 costs of suit, and thereupon took out execution in due form of law for the sums aforesaid; [the declaration then proceeding to allege the demand made by the officer upon the defendant in the original suit and upon the present defendant.] Yet the said David Pendleton refused to pay the contents of said execution, or to show any estate of the said Albert C. Lewis whereon to levy the same. Of all which doings on said execution the said officer made due return by endorsing the same on said execution and returning the same to the clerk of said court. Now

the plaintiff says that at the time the copy of said writ was left with the said David Pendleton as aforesaid, there was in the hands of said Pendleton a distributive share of said estate due to said Albert C. Lewis and a legacy bequeathed to him in and by said will of a much greater amount than the amount of said judgment and execution and said officer's fees thereon, which said distributive share and legacy became and were due and payable before said demand was made by said officer. Yet the said David Pendleton would not expose or discover any estate of said Albert C. Lewis, whereon said execution might be levied, or pay the same or any part thereof; whereby the said David Pendleton has become liable in law to pay the same out of his own estate as his own proper debt. And the plaintiff says that said judgment has never been reversed, nor has the same ever been paid, but is now due. These are therefore by authority of the State of Connecticut to require you to attach to the value of eight hundred dollars the goods or estate of said David Pendleton, and make the said David Pendleton to know that he appear before the Court of Common Pleas for Fairfield County, on the first Tuesday of April, 1878, then and there to show reasons, if any he have, why judgment should not be rendered in favor of the plaintiff against him, the said David Pendleton, for the amount of said judgment and execution and officer's fees, and the costs of this suit, as his own proper debt, to be paid out of his estate, and execution be issued accordingly. Hereof fail not, &c.

The defendant pleaded the general issue, with the following notice:—

The plaintiff will take notice that on the trial of the above entitled cause, the defendant will claim, and offer evidence to prove, that he is the sole executor of the last will of said Joseph C. Lewis as alleged in said declaration; that the said Lewis had as estate certain real and personal property of considerable value, but not money sufficient to pay his lawful debts; that said Lewis, by his said will provided first for the payment of all his just debts and funeral charges from his personal estate, and after certain bequests to his wife, who

died before him, provided in the words following: "I do hereby direct my executors to sell all the residue of my real and personal estate, and convert the same into cash, giving either of my children the preferred right to take or purchase any article of personal property towards his or her portion of my estate, such sale to be made in such reasonable time after my decease as shall be deemed advisable by my executors without sacrificing my estate below a fair valuation"; that by the order of the court of probate for the district of Bridgeport the period of two years was limited for the settlement of the estate, which period has not yet expired; that most of the estate of the said Lewis consists of real estate situated in Bridgeport, and the defendant, as such executor, has not deemed it advisable as yet to sell said real estate or any portion thereof, because he has been and still is of the opinion that to have sold the same would have been to sacrifice the estate half or more below a fair valuation; and that until said real estate, as well as the personal estate aforesaid, is sold, and the settlement of the estate is had, it is and will be impossible to determine whether any sum whatever, or if anything how much, will be due said Albert C. Lewis, and payable to the plaintiff as his creditor out of said estate.

The case was tried to the court, and the allegations of the declaration were found to be true. Upon the trial the plaintiff disclaimed any right upon the facts to a judgment against the defendant in his individual capacity, or such as should render him liable to pay the same out of his own proper goods and estate; but the plaintiff did claim, and asked the court to render, a judgment in his favor against the defendant in his capacity of executor, and such as should render him liable to pay the same out of the money of the estate only. The defendant claimed that no judgment could be rendered against him as executor because the declaration was insufficient to support such a judgment, in that he was alleged to be liable in his individual capacity and out of his own proper goods and estate, and not in his capacity as executor, and out of the money of the estate in his hands.

The case was reserved by the court for the advice of this court.

*D. Davenport*, for the plaintiff.

A scire facias is an action at law governed by the ordinary rules of pleading, as to pleas in abatement, demurrers and pleas in bar. *Sherwood* v. *Stevenson*, 25 Conn., 440, 442; *Smyth* v. *Ripley*, 33 id., 311; *Thompson* v. *Hammond*, 1 Edw. Ch., 503; Comyn Dig., *Pleader*, 3 L., 10. In an action of scire facias the writ is the process, and the declaration is the statement of facts upon which the process is founded. *Smyth* v. *Ripley*, 33 Conn., 310. This is an action of scire facias, in which the plaintiff as a creditor of Albert C. Lewis, one of the legatees mentioned in the will of Joseph C. Lewis, desires to take judgment against the defendant, as executor of the will. The following are the allegations of fact in the declaration:—1st. That the plaintiff brought suit against said Albert, and that the legacy in the hands of the present defendant as executor was duly attached.—2d. That judgment having been obtained by the plaintiff in said suit and execution issued thereon, demand was duly made upon the present defendant as executor.—3d. That at the time demand was made, the defendant, as such executor, had in his hands a legacy then due and payable to the said Albert of a much greater amount than the amount of the execution.—4th. That at the time such demand was made the defendant refused to pay the execution. Now section 2d, p. 397, Gen. Statutes, provides for such an attachment of a legacy in the hands of the executor; section 48, p. 465, provides for such a demand; and section 51, p. 465, provides that if upon demand so made the executor shall refuse to make payment, scire facias may be maintained against him and judgment rendered thereon. Therefore the allegations in the declaration set forth facts which raise a clear liability on the part of the defendant to have judgment rendered against him as such executor and only as executor. To this declaration the defendant pleaded the general issue, with notice of sundry facts claimed by him as executor to be a good defence, and trial was had. The

allegations of fact were proven true, and the defendant does not deny his liability in consequence thereof to a judgment against him as executor, but claims that no such judgment can be rendered in this action for the following reason, because the plaintiff mistook the legal effect of his allegations of fact, and said at the close of his declaration that thereby the defendant became liable to pay said claims as his own proper debt, when the legal effect of the allegations was to make the defendant liable to pay the claim as executor out of the estate of his testator. As to this objection, if the inference of law is incorrectly stated, still—(1st.) It is an inference of law merely, and the rules of pleading never require the statement of a mere legal inference. Gould Pl., ch. 3d, § 12; Steph. Pl., 346; 1 Chitty Pl., 236; *McGee* v. *Barber*, 14 Pick., 216.—(2d.) It is only stated to draw the attention of the court to the effect of foregoing allegations of fact, and cannot be traversed. Gould Pl., ch. 3, § 15; Steph. Pl., 191, 346.—(3d.) It is matter of form and not of substance. Gould Pl., ch. 3, § 15. Being therefore a defect in form (if it is a defect) the defendant has waived it by not demurring specially and by pleading over. Gould Pl., ch. 9, § 22; Steph. Pl., 147; *Stephenson* v. *Sherwood*, 25 Conn., 440. The finding shows that on the trial below the defendant took exception only to the declaration. An objection from him to the writ would have been useless also. If there is any informality or defect in the writ, whether it be a variance between the writ and the declaration, (*Duvall* v. *Craig*, 2 Wheat., 45; Gould Pl., ch. 5, § 64, note 8,) or a misnomer or misdescription of the office or capacity of the defendant, (Comyn Dig., *Abatement*, F 20; Gould Pl., ch. 5, § 71; *Ratoon* v. *Overacker*, 8 Johns., 97,) it is matter of abatement, and should have been pleaded in abatement, and was waived by pleading to the merits. Comyn Dig., *Abatement*, F 20, K 2, O 2; Gould. Pl., ch. 5, §§ 79, 153; *Fooler* v. *Cooke*, 1 Salk., 296; *Dean & Chapter of Bristol* v. *Guyse*, 1 Saund., 110; *Gilbert* v. *Nantucket Bank*, 5 Mass., 98; *Trull* v. *Howland*, 10 Cush., 112. The defendant was executor, and was factorized as executor. The declaration in scire facias set forth facts showing a

liability as executor only. The defendant came into court, and instead of pleading in abatement for the defect in the writ, or demurring for the supposed defect in the declaration, pleaded the general issue to the allegations of fact in the declaration, and as executor alleged matter to defeat the action on its merits. As the allegations of fact in the declaration disclose a clear liability on the part of the defendant as executor, and as they are true, judgment should be rendered against the defendant as executor.

*W. K. Seeley*, for the defendant.

LOOMIS, J. This is a writ of scire facias, upon a process of foreign attachment. In the original suit the present defendant was factorized as executor of the will of Joseph W. Lewis, and the debt attached was a legacy given by the will to Albert C. Lewis, the defendant in that suit. Judgment having been obtained against the said Albert, and demand having been duly made upon the garnishee for the payment of the amount of the judgment, which was less than that of the legacy, and payment having been refused, the creditor has brought this scire facias, to compel the garnishee to pay the amount of the judgment. If the defendant had been factorized only in his individual capacity the scire facias would of course lie against him in his individual capacity, and the amount of whatever judgment should be recovered would be payable out of his own estate as his own proper debt. But as he was factorized in his capacity as executor the scire facias lies against him only in that capacity, and the judgment that may be recovered against him would be payable only out of the estate of the testator in his hands.

While the declaratory part of the writ sets out in detail the facts necessary to sustain a suit against the defendant in his representative capacity, and which show clearly that it could not be maintained against him in his individual capacity, yet by some inadvertence the liability averred is that of the defendant personally, the language of the averment being "that the said Pendleton has become liable in law to pay the

same out of his own estate as his own proper debt." And that part of the writ which, as distinguished from the declaratory part, may be called the writ proper, and which really constitutes all of what is strictly the writ, runs wholly against the defendant in his individual capacity, and treats the liability as wholly personal, and the amount to be recovered as recoverable wholly from his private estate. Its language is as follows:—"These are therefore to require you [the sheriff] to attach, &c., the goods or estate of the said David Pendleton, and make him to know that he appear, &c., then and there to show reasons, if any he have, why judgment should not be rendered in favor of the plaintiff against him, the said Pendleton, for the amount of said judgment and execution and officer's fees, and the costs of this suit, as his own proper debt, to be paid out of his estate."

Without demurring to the declaration, either generally or specially, the defendant pleaded the general issue, upon which issue the case was tried to the court and the facts found, and it is now reserved for our advice as to the judgment that should be rendered on the facts so found.

It is now admitted that no judgment can be rendered against the defendant individually, and none was claimed on the trial below, but it is claimed by the counsel for the plaintiff that a judgment can be rendered against the defendant in his representative capacity. It is said that the defect of the declaratory part of the writ is one of form only, which could be taken advantage of only by a special demurrer, and that that of the writ proper could have been taken advantage of only by a plea in abatement; and that by pleading to the merits the defendant has waived all objection to both these defects.

But the difficulty is that the suit is brought against the defendant wholly in his individual capacity. Not only is his liability alleged to be that of himself personally, but the writ runs entirely and only against him personally. It is not a case of mere defective averment, which would be aided by verdict, nor a case of misnomer or misdescription of the defendant, which might be reached by a plea in abatement;

but the defendant is correctly named, and is sued in that individual capacity which belongs to every person; and he comes into court for the very purpose for which he is cited in, namely, to show cause why the plaintiff should not have judgment against him as for his own proper debt and out of his own proper estate. When he gets into court the case against him proves to be one that the facts alleged will not sustain; and it makes no difference that he knew this before he came in and came with a certainty of defeating the suit. The whole question is—do the facts·alleged impose a liability upon him personally? If they do not no judgment can be rendered against him personally. Clearly they do not, and no such judgment can be rendered. It is admitted that none can be. But how can one be rendered against him as executor? He is not sued in that capacity. If he had been misnamed, and had failed to plead that fact in abatement, he could not afterwards make the point. If he had been sued as administrator when he was executor and had not pleaded that matter in abatement, he could not afterwards make the point. He is sued as an individual. He does not plead in abatement that he should have been sued as executor. He therefore can not afterwards make the point that he should have been so sued. But he does not wish to make the point. He is not now claiming that judgment should be rendered against him as executor and not as an individual. He is claiming that judgment can not be rendered against him as an executor, and that if any judgment can be rendered against him at all, it must be against him personally; but that such a judgment can not be rendered because the facts alleged and found will not warrant it. He was sued as an individual, he never disclaimed his character as an individual, and now he says that judgment must be rendered against him as an individual or not at all. It would be wholly another matter if he had been sued in his representative capacity, and the declaration had been merely defective in form. The suit is brought against him as an individual and judgment must follow the suit, if the facts will warrant the judgment at all.

But it is said that the defendant not only pleaded the gen-

eral issue, but set up certain matters in his notice which pertained to him only as executor, and it is claimed that by so doing the defendant has assumed the defence of the case as executor and has thus waived all objection to the suit going on against him as executor. We are not prepared to say that a defendant might not so place himself upon the record as to warrant a judgment against him in the capacity which he had assumed in the pleadings, although he was not sued in that capacity in the first instance. But in this case the defendant pleads only in his individual capacity, and it is only in the notice appended to his plea that any allusion is made to the fact that he is executor. The plaintiff had alleged in his writ that at the time the factorizing copy was left with the defendant "there was in the hands of the said Pendleton a legacy bequeathed to the said Albert C. Lewis, in and by said will, of a much greater amount than the amount of said judgment, &c., which said legacy became due and payable before said demand was made, &c." Now the defendant had a perfect right to give notice of any special point to which he should direct his evidence. His plea of the general issue traversed all the allegations of the declaration and of course the particular one which we have just referred to, and his notice was properly no part of the pleadings or of the record. He however appends to his plea a notice alleging that he was executor of the said Joseph C. Lewis, that all the personal property was insufficient to pay the debts, that the real estate could not be sold without great sacrifice, which the testator had directed not to have made, and that it could not be known until it was sold whether there would be anything left with which to pay the legacy in question. This notice being merely an appendage of the plea must be regarded as made, as was the plea, in the defendant's individual capacity, and we think his statement in it with regard to the condition of the estate and the fact that he was executor, not sufficient to bring him upon the record as a party to the suit in his representative capacity. We think something more than a mere waiver of objection is needed in such a case, while we

fail to find what can properly be regarded even as such a waiver.

We advise judgment for the defendant.

In this opinion the other judges concurred.