ORION J. HALLOCK vs. HASKELL G. SMITH, ADMINIS-
TRATOR.

An administrator, carrying on a farm that belonged to the estate of the
intestate, purchased on credit a yoke of oxen to be used on the farm.
Held that the administrator personally was liable to the seller for the
price, and that the estate was not liable.

And held that the estate was not rendered liable in equity by reason of the
fact that the oxen had been sold by the administrator and the proceeds
used in paying for labor hired in carrying on the farm.

The carrying on of a farm belonging to the estate is no part of an adminis-
trator's proper duties; but the administrator would alone have been
liable, even if the debt had been incurred in the ordinary administration
of the estate.

CIVIL ACTION to recover the price of a yoke of oxen
sold; brought before a justice of the peace, and, by appeal
of the plaintiff, to the District Court of Litchfield County.
Facts found and case reserved for advice. The case is
sufficiently stated in the opinion.

*C. B. Andrews* and *A. T. Roraback*, for the plaintiff.

*H. B. Graves* and *H. H. Prescott*, for the defendant.

CARPENTER, J. The defendant purchased of the plaintiff,
on credit, a yoke of oxen to be used on a farm which he was
carrying on as administrator. The defendant subsequently
sold the oxen and used the avails to pay for labor on the
farm. This suit is brought to collect from the estate the
price of the oxen.

In *Taylor* v. *Mygatt*, 26 Conn., 184, this court held that
an administrator in incurring expenses in settling the estate
had no power to bind the estate by contract; that any
expense thus incurred was a claim against him personally;
but was not a claim that could be enforced against the
estate. And this was held in respect to the probate fees
and fees for professional services rendered for the adminis-
trator as such. This being so in respect to the ordinary

expenses of administration, which were properly and necessarily incurred, it must be so and with more reason in regard to expenses which do not pertain to administration and which were improperly incurred. The case before us is of that character. It was no part of the administrator's duty to carry on the farm, hire laborers, and buy and sell oxen. He and not the estate is responsible for any debt thus incurred.

It is practically conceded that such is the law; but it is claimed that in equity the estate is liable. We cannot sanction this claim. In matters of this kind equity follows the law. Sound policy, both in law and equity, forbids an administrator as such from engaging in business except in special circumstances and for special purposes. The argument that the estate had the benefit of the oxen purchased assumes too much; it assumes that the farm was carried on in the interest and for the benefit of the estate—the very thing which the law forbids.

Judgment is advised for the defendant.

In this opinion the other judges concurred.