LOUISA M. ANDREWS *vs.* FRANK S. PLATT, ADMINIS-TRATOR.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An administrator, as such, is not liable for untruthful representations made by him in selling the property of his intestate: the remedy is against him personally. On the other hand, if sued as adminis-trator, no judgment can be rendered against him personally.
General Statutes, § 739, permitting suits against executors and admin-istrators, as such, for moneys paid or services rendered for estates in their hands, does not authorize a judgment against an adminis-trator in his individual capacity.
Questions raised upon a bill of exceptions (General Statutes, § 804) will not be considered where a new trial under existing conditions would be unavailing.

Argued April 12th—decided July 1st, 1904.

ACTION against an administrator for false representations on a sale, brought to the Court of Common Pleas of New Haven County where a demurrer to one of the two defenses was sustained ( *Cable, J.*), and the case was tried on the other to the jury before *Hubbard, J.;* verdict and judgment for plaintiff against the defendant personally. *Error.*

*Richard H. Tyner*, for the appellant (defendant).

*Henry G. Newton* and *Ward Church*, for the appellee (plaintiff).

BALDWIN, J. This action was brought against the defendant as an administrator of the estate of a deceased person. He is so described in the caption of the judgment-file, but the judgment rendered was " that the plaintiff recover of the defendant one hundred and seventy-nine dollars and fifty-nine cents ($179.59) damages, and her costs, taxed at 66 dollars and 95 cents."

The cause of action stated is that, as administrator, the defendant sold and conveyed to the plaintiff a building lot on Sherman Avenue in New Haven, belonging to the estate, at a price determined by the number of feet of its frontage on the street, and induced her to buy, by means of a representation, upon which she relied, that the lot was of equal width throughout, whereas it was in fact considerably narrower on the rear.

An administrator cannot subject the estate in his charge to a judgment for damages suffered through any false representations which he may have made, while acting in its behalf. The remedy is against him personally. See *Hallock* v. *Smith*, 50 Conn. 127. On the other hand, no personal judgment against him can be rendered in a suit for such a cause brought against him as administrator. See *Middlebrook* v. *Pendleton*, 47 Conn. 9.

General Statutes, § 739, authorizes suits against an administrator for moneys paid or services rendered for the estate, and provides that if the plaintiff's claim shall be found a just

Comstock v. Connecticut Ry. & Lt. Co.

one, and such as equitably ought to be paid out of the estate, judgment to that effect may be rendered. The plaintiff is not suing for money paid; but if she were, such an action on the statute could not support a judgment against an administrator in his individual capacity. *McDonald* v. *Ward*, 57 Conn. 304, 307.

It follows that the motion in arrest of judgment should have been granted.

The bill of exceptions filed by the plaintiff, under General Statutes, § 804, calls for consideration only in case a new trial is advised. As the record now stands, a new trial will be of no avail. Should an amendment be asked and allowed, to make the action one against the defendant individually, he would then become a party in a new capacity, in respect to which he was not a party to the former trial. Under these circumstances we think it inexpedient to consider any question except that presented by the motion in arrest.

There is error.

In this opinion the other judges concurred.