BRUCE SCLAFANI *v.* JACK S. DWECK ET AL.
(AC 23206)

Bishop, West and DiPentima, Js.

Argued January 20—officially released September 21, 2004

*Brenden P. Leydon*, with whom was *David J. Tiani*, for the appellant-appellee (plaintiff).

*Sperry A. DeCew*, for the appellees-appellants (named defendant et al.).

### Opinion

WEST, J. The plaintiff, Bruce Sclafani, appeals and the defendants Jack S. Dweck, Jane Dweck, Patrick Morgan and Margaret Morgan[1] cross appeal from the judgment of the trial court ordering the partition in kind of certain real property owned in common by the parties. The plaintiff claims on appeal that the court improperly reserved easement rights to the defendants and others on the portion of property granted exclusively to him as a result of the partition of a common roadway. The defendants claim on cross appeal that the court improperly partitioned the property because the common roadway burdened by easements should not have been subject to partition. We affirm the judgment of the trial court.

The court found the following facts. The plaintiff, the Dwecks and the Morgans each owned an undivided one-third interest in Gravel Island Road in New Canaan. Each of their residences fronts a semicircular roadway,

---

[1] Also named as defendants were numerous other parties who are adjoining landowners and encumbrancers of the real property at issue in the plaintiff's complaint. Because those parties are not involved in these appeals, we refer in this opinion to the Dwecks and the Morgans as the defendants.

as do the residences of William F. Brock and Susan E. Brock and Walter S. Foster and Virginia Foster, who have no proprietary interest in the road. Each of the parties' deeds references specific easements for use of the roadway, including unlimited rights of ingress and egress. Easement rights also extend to the Brocks and the Fosters, and utility easements extend to various utility companies and their successors.

In 1996, without advance notice, the plaintiff erected an enclosed batting cage in the center of the roadway in front of his property, preventing ingress and egress at one end of the roadway. The plaintiff ignored the defendants' requests to remove the batting cage.

The plaintiff commenced his action in an attempt to enjoin the paving and pebbling of the road by the defendants. Eventually, the plaintiff withdrew the count of his complaint through which he sought to enjoin the paving and pebbling, but maintained his action seeking partition. The court rendered partial summary judgment in his favor, ruling that he had an absolute right to partition. Thereafter, the remaining issue of whether partition should be resolved by sale or by division was tried to the court, as was a counterclaim brought by the defendants, which sought preservation of existing easements and a permanent injunction to preclude the plaintiff from interfering with those easements. The court rendered judgment for the plaintiff on the partition action, and granted the plaintiff exclusive ownership of a specific parcel comprising one-third of the roadway. With regard to the counterclaim, the court rendered judgment for the defendants, and ordered that all existing easements continue and that the plaintiff remove the batting cage blocking a portion of the roadway. The court also permanently enjoined the plaintiff from interfering with the defendants' easement rights. All parties appealed to this court.

Before we address the parties' claims, we set forth the applicable standard of review. A partition is equitable in nature, and "[t]he determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the . . . discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Kubish* v. *Zega*, 61 Conn. App. 608, 615, 767 A.2d 148, cert. denied, 255 Conn. 949, 769 A.2d 62 (2001). Because a reversal of the judgment by this court as to the defendants' cross appeal would render the plaintiff's appeal moot, we will first address the defendants' challenge to the partition action before addressing the plaintiff's claims on appeal.

I

DEFENDANTS' CROSS APPEAL
PROPRIETY OF PARTITION

The defendants claim on cross appeal that the court improperly partitioned the common roadway. Specifically, the defendants argue that because the undivided parcel was a part of the fee interest of all the parties' lots, and because the roadway was burdened by easements, it should not have been subject to partition. We disagree.

The right to partition in Connecticut is well settled. "[General Statutes §] 52-495 gives discretionary authority to courts of equitable jurisdiction to order, upon the complaint of any interested person, the physical partition of any real estate held by tenants in common . . . ." (Internal quotation marks omitted.) Id., 614. "The right to partition has long been regarded as an absolute right, and the difficulty involved in partitioning

property and the inconvenience to other tenants are not grounds for denying the remedy. No person can be compelled to remain the owner with another of real estate, not even if he become[s] such by his own act; every owner is entitled to the fullest enjoyment of his property, and that can come only through an ownership free from dictation by others as to the manner in which it may be exercised. Therefore the law afford[s] to every owner with another relief by way of partition . . . . Through the right to partition, it was intended that the undivided possession should be severed, and that each person having the right to be in possession of the whole property should exchange that right for one more exclusive in its nature, whereby, during the continuance of his estate, he should be entitled to the sole use and enjoyment of some specific [portion]." (Internal quotation marks omitted.) *Fernandes* v. *Rodriguez*, 255 Conn. 47, 55–56, 761 A.2d 1283 (2000).

Before addressing the specific arguments made by the defendants, we first address their attempt to analogize the situation in this case with one previously addressed by our Supreme Court. The defendants cite *Rayhol Co.* v. *Holland*, 110 Conn. 516, 526, 148 A. 358 (1930), for the proposition that partition is not an absolute right. In *Rayhol Co.*, our Supreme Court held that a court may deny a partition complaint if the parties enter into a reasonable agreement that expressly or impliedly debars a partition. Id. The defendants attempt to analogize the agreement in *Rayhol Co.* with the situation in this case in which the parties each own an undivided fee interest, burdened by appurtenant easements, which impose on all owners mutual obligations and restrictions. We decline the opportunity to hold that an undivided interest burdened by easements is synonymous with an agreement not to partition. Although it is logical to conclude that a specific agreement not to partition could negate a party's abso-

lute right to partition, we fail to see how the situation in *Rayhol Co.* and the situation in this case are analogous in the least. The defendants have provided this court with little, if any, explanation for their theory.

## A

The defendants first argue that because the roadway is "common to all" and "forms part of the fee interest of all three lots, not just the portion which abuts each lot," it should not have been subject to partition. The law, however, is to the contrary.

The fact that the roadway is common to all parties is precisely why the roadway was subject to partition. The very purpose of partition is to sever ties with other tenants; if the property was not "common to all," then there would have been no need for an equitable division. Partition requires "undivided possession" in order to "be severed, and [to grant] each person having the right to be in possession of the whole property . . . [the] right for one more exclusive in its nature . . . ." (Internal quotation marks omitted.) *Fernandes* v. *Rodriguez,* supra, 255 Conn. 55. Partition *requires* commonality of ownership; it is not precluded by it.

## B

The defendants next argue that partition was improper because the property was burdened by easements. We disagree.

It is our view that "[l]and subject to an easement is nevertheless subject to partition, if owned in common." 59A Am. Jur. 2d, Partition § 16 (2003); see also *Henmi Apartments, Inc.* v. *Sawyer,* 3 Haw. App. 555, 562, 655 P.2d 881 (1982) (right of partition not overcome by existence of easement on property owned in common). It is the law of our state to afford to "*every owner* with another relief by way of partition . . . ." (Emphasis added; internal quotation marks omitted.) *Fernandes*

v. *Rodriguez*, supra, 255 Conn. 55. That absolute right is not qualified by the presence or absence of an easement.

The defendants attempt to support their arguments with the fact that to date, no Connecticut court has partitioned a common roadway. We find that irrelevant, however, in light of the fact that they cite no case in which a Connecticut court has *refused to* partition a common roadway. We therefore give full deference to our Supreme Court's holding that partition is an absolute right and give no weight to the lack of judicial precedent involving the partition of a common roadway. The partition judgment was proper.

## II

### PLAINTIFF'S APPEAL
### PROPRIETY OF CONTINUING EASEMENTS

The plaintiff claims on appeal that although the court properly partitioned the roadway, it improperly ordered that existing easements survive the partition. In support of his position, the plaintiff argues: (1) the court was limited to ordering either partition by division of real estate or partition by sale and that by ordering the continuation of easements, it exceeded the scope of its authority; (2) the existing easements were not valid to begin with because a party cannot have an easement over property it owns; (3) the court improperly ordered easements that were not based on necessity; and (4) because a party to a partition is entitled to an " 'ownership free from dictation by others as to the manner in which it may be exercised' "; id., 55; it was improper to retain an easement over the plaintiff's portion of the land. We disagree.

### A

The plaintiff first argues that it was improper for the court to order that existing easements survive the partition in light of the restrictions set forth in *Fernan-*

*des* v. *Rodriguez,* supra, 255 Conn. 47. Specifically, the plaintiff argues that pursuant to *Fernandes,* the court had only the options of ordering a partition by division or a partition by sale and that ordering the continuation of easements exceeded that authority. We disagree with the plaintiff's interpretation of *Fernandes.*

In *Fernandes,* our Supreme Court restated the well established rule that in a partition action, "the *only* two modes of relief within the power of the court are partition by division of real estate and partition by sale." (Emphasis in original; internal quotation marks omitted.) Id., 57. In that case, the trial court had not partitioned by division or by sale, but instead ordered that the defendant execute a quitclaim deed to the plaintiff in exchange for a payment of money. Our Supreme Court held in *Fernandes* that the order was improper because it was outside the two permissible remedies available in a partition action.

In this case, the court did not violate the mandates of *Fernandes* because it did in fact order one of the two permissible remedies: a partition by division of real estate. The fact that the court ordered, in addition to the partition by division, that all easements shall continue does not remove its order from the internal boundaries set forth in *Fernandes.*

B

The plaintiff next argues that it was improper for the court to order that the existing easements continue because a party cannot have an easement over property that it already owns and, therefore, the easements were not valid to begin with. We disagree.

When a parcel is owned by more than one party, each of whom holds the title to an undivided portion, each party has the right to be in possession of the whole property. See id., 55. It is therefore our view that the

original easements granted to the owners were not necessary, because each owner holding an undivided interest was entitled to be in possession of the whole roadway regardless of whether an easement had been granted as to the remaining two thirds.

The fact that the easements were unnecessary, however, does not mean they were invalid. Although the plaintiff cites *Beneduci* v. *Valadares*, 73 Conn. App. 795, 808, 812 A.2d 41 (2002), for the proposition that it is impermissible to have an easement over property that one already owns, we do not find *Beneduci* relevant to this case. None of the parties *owned* the entire roadway, regardless of whether they had the right to *be in possession of* the whole roadway. The easements, therefore, were valid as to the remaining two-thirds of the roadway owned by the other parties. We disagree with the plaintiff's assertion that the existing easements were invalid.

C

The plaintiff next argues that it was improper for the court to order that the existing easements continue absent a showing of necessity. We disagree.

We agree with those courts that have held that "the power to grant easements in a suit for partition is necessarily implied in the court's power to make the partition." *Hart* v. *Hart*, 27 Va. App. 46, 58, 497 S.E.2d 496 (1998); see also *Young Properties* v. *Wolflick*, 87 P.3d 235 (Colo. App. 2003) (trial court has discretion to create easements to facilitate partition in kind). Because a partition action is equitable in nature, the court had the authority to order that the easements continue to run, with all affected parcels, regardless of whether the existing easements were "necessary" following the partition. In this case, some properties, although not all, would have been landlocked without an easement over some portion of the partitioned roadway. It was

therefore within the court's discretion, in ordering the partition of the common roadway, also to order that existing easements, whether necessary or not, continue to run with the land over all portions of the newly partitioned roadway.

## D

Finally, we address the plaintiff's argument that it was improper for the court to order that existing easements continue because the plaintiff was entitled to " 'ownership free from dictation by others . . . .' " *Fernandes* v. *Rodriguez,* supra, 255 Conn. 55. We disagree.

Although the plaintiff argues that he was entitled to " 'ownership free from dictation by others as to the manner in which it may be exercised' "; id.; in conformance with *Fernandes, Fernandes* did not involve a common roadway burdened by easements. Although the general rule regarding partition emphasizes a party's right to " 'the sole use and enjoyment of some specific [portion]' "; id., 56; of the property, *any* owner of land subject to an easement—whether commonly or privately owned—loses the right to the *sole use and enjoyment.* Simply because the plaintiff was entitled to a partition of the roadway does not mean that all other affected parties—the defendants, the Brocks, the Fosters and the utility companies—should lose those easement rights that were attached to the plaintiff's newly divided portion of property and that had been in existence for decades.

Although the plaintiff argues that the court "nominally grant[ed] a partition but then fashion[ed] a remedy which resulted in no practical alteration from the parties' prepartition legal status," we disagree with that assertion. The original purpose of the plaintiff's action was to prevent the paving and pebbling of the roadway. As a result of the partition, the plaintiff is free to pave or not pave, pebble or not pebble, his portion of the

road, free from dictation by the former owners. The partition did, therefore, result in a "practical alteration from the parties' prepartition legal status."

The judgment is affirmed.

In this opinion the other judges concurred.