STEVEN J. BLOOM, TRUSTEE, ET AL. *v.* LESLIE MIKLOVICH, EXECUTOR (ESTATE OF HILLARD E. BLOOM), ET AL.
(AC 27184)

Bishop, Beach and Mihalakos, Js.

Argued September 8—officially released November 25, 2008

*A. Reynolds Gordon,* with whom, on the brief, was *Frank A. DeNicola, Jr.,* for the appellants (plaintiffs).

*Patrick D. McCabe,* with whom, on the brief, were *Robert S. Bello, Lawrence M. Lapine* and *Thomas M. Cassone,* for the appellees (named defendant et al.).

*Eric M. Higgins,* for the appellee (defendant Leslie Miklovich, executor of the estate of Joan Bloom).

*Opinion*

BEACH, J. The plaintiffs, Steven J. Bloom and Robert Weiss, trustees of the Steven J. Bloom revocable trust (Steven Bloom trust), appeal from the judgment of the trial court following the granting of both the motion to dismiss and the motion to strike brought by the defendants, Leslie Miklovich and Joseph Richichi.[1] On appeal, the plaintiffs claim that the court improperly (1) granted the defendants' motion to strike counts two and three on the bases of misjoinder and nonjoinder and (2) granted the defendants' motion to dismiss count four as unripe for adjudication. We affirm the judgment of the trial court.

The following facts are not in dispute for the purpose of the motions. This appeal concerns two pieces of waterfront property located in Norwalk. The first, located at 38 Cove Avenue, was purchased by twin brothers Norman R. Bloom and Hillard E. Bloom in 1959 as tenants in common, each with one-half interest

---

[1] During the pendency of this action, Miklovich and Richichi, executors of the estate of Hillard Bloom, transferred Hillard Bloom's interest in the property from his estate to the Hillard E. Bloom revocable trust indenture, of which Miklovich and Richichi were trustees. They also intervened in the action in their capacities as trustees. Although Joan Bloom was named as a defendant in this action; see footnote 2; she was not party to the motions to strike and to dismiss that are at issue in this opinion. We refer in this opinion to Miklovich and Richichi as the defendants.

in the parcel. In 1963, the brothers purchased the adjacent property at 40 Cove Avenue, again as tenants in common with one-half interest each. Upon his death in 1989, Norman Bloom's interest in both properties passed to the Steven Bloom trust, leaving it with a one-half interest as a tenant in common in both the 38 and 40 Cove Avenue properties. In 1991, Hillard Bloom quitclaimed his interest in 40 Cove Avenue to his wife, Joan Bloom.[2] Hillard Bloom died in 2001, and his interest in 38 Cove Avenue passed to his estate and then to the Hillard E. Bloom revocable trust indenture (Hillard Bloom trust). Thus, as it stood at the time of the court's decision, the owners of 38 Cove Avenue were the Steven Bloom trust and the Hillard Bloom trust as tenants in common, and the owners of 40 Cove Avenue were the Steven Bloom trust and the Joan Bloom estate as tenants in common.

By amended complaint dated June 2, 2004, the plaintiffs sought partition in kind of 38 Cove Avenue in count one, partition in kind of 40 Cove Avenue in count two, partition in kind of 38 Cove Avenue and 40 Cove Avenue as a single parcel in count three, the imposition of easements over the properties in count four, an accounting and money damages as to 38 Cove Avenue in count five, and an accounting and money damages as to 40 Cove Avenue in count six.

The defendants, whose trust had an interest in only 38 Cove Avenue, moved to dismiss count four of the complaint on the ground that the easement claims were not ripe for adjudication. These defendants also moved to strike counts two, three and six of the amended complaint on the ground of misjoinder. They claimed that these counts, which apply to 40 Cove Avenue, could not be properly joined with claims seeking partition

---

[2] Joan Bloom died on April 27, 2007, and Miklovich, executor of the estate of Joan Bloom, was substituted as a defendant.

of 38 Cove Avenue because resolution of the claims involving 40 Cove Avenue would not affect the moving defendants. In the alternative, the defendants moved to strike counts two, three and six on the ground of nonjoinder. They claimed that even if the court should find the counts otherwise properly joined because of the common grantor exception, that exception does not apply because other parties who received other properties from the common grantors have not been joined in the action.[3]

Finding that the easement issue was not ripe for adjudication, the court granted the defendants' motion to dismiss count four. It also granted the motion to strike counts two and three because the claims were not properly joined.[4] The court further found that the common grantor exception did not save the counts because even if the exception was generally applicable, the failure to join other parties who were successors in interest to the original cotenants as to all parcels owned by them precluded its application. The court

---

[3] On appeal, the plaintiffs claim that the defendants waived their right to file the motion to dismiss and the motion to strike because the motions were filed in response to the amended complaint and not an earlier complaint. The plaintiffs claim that because the defendants could have filed the motion to strike and the motion to dismiss in response to the earlier complaint, but failed to do so, they waived their right to do so in response to the amended complaint. The earlier complaint included requests for both partition in kind and partition by sale. The amended complaint requested only partition in kind and did not request partition by sale.

The standard of review for such an issue is abuse of discretion. *Sabino* v. *Ruffolo*, 19 Conn. App. 402, 404, 562 A.2d 1134 (1989) ("the court has discretion to allow the filing of pleadings out of order"). The court did not address this issue in its ruling, and the plaintiffs did not move for articulation on this issue. See Practice Book § 66-5. Therefore, there is no record from which this court may address this argument. See *Celentano* v. *Oaks Condominium Assn.*, 265 Conn. 579, 589 n.9, 830 A.2d 164 (2003) ("[b]ecause our review is limited to matters in the record, we will not address issues not decided by the trial court" [internal quotation marks omitted]).

[4] The court did not grant the motion to strike count six. This count was subsequently withdrawn by the plaintiffs on February 15, 2005.

then granted the plaintiffs' motion for judgment on the second and third counts. Additional facts will be set forth as necessary. This appeal followed.

## I

The plaintiffs first claim that the court improperly granted the defendants' motion to strike counts two and three of the complaint. We disagree.

As an initial matter, we identify the appropriate standard of review for a motion to strike. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the [defendants' motion] is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Violano* v. *Fernandez*, 88 Conn. App. 1, 4–5, 868 A.2d 69 (2005), aff'd, 280 Conn. 310, 907 A.2d 1188 (2006). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Novametrix Medical Systems, Inc.* v. *BOC Group, Inc.*, 224 Conn. 210, 215, 618 A.2d 25 (1992).

## A

First, the plaintiffs claim that the court improperly struck counts two and three on the ground that the Joan Bloom estate was misjoined in this action. We disagree.

Causes of action and parties may not be joined in a single action unless "[t]he several causes of action so united . . . affect all the parties to the action . . . ." General Statutes § 52-97; Practice Book § 10-21. Joinder is proper when "each defendant is so related to the group of facts constituting the primary basis of liability that upon proper proof recovery may be had against him . . . ." *Veits* v. *Hartford*, 134 Conn. 428, 434–35, 58 A.2d 389 (1948). "Naming an improper person as a party in a legal action constitutes misjoinder. . . . The exclusive remedy for misjoinder of parties is by motion to strike." (Citation omitted.) *Zanoni* v. *Hudson*, 42 Conn. App. 70, 73, 678 A.2d 12 (1996). Partition requires "undivided possession" to "be severed, and [to grant] each person having the right to be in possession of the whole property [the] right for one more exclusive in its nature . . . ." (Internal quotation marks omitted.) *Fernandes* v. *Rodriguez*, 255 Conn. 47, 55–56, 761 A.2d 1283 (2000). "[T]here can be no partition of several parcels of land unless each of the parties to the partition proceeding has an interest in the entire property or estate sought to be partitioned." 59A Am. Jur. 2d, Partition § 76 (2003). "Partition *requires* commonality of ownership; it is not precluded by it." (Emphasis in original.) *Sclafani* v. *Dweck*, 85 Conn. App. 151, 157, 856 A.2d 487, cert. denied, 271 Conn. 944, 861 A.2d 1177 (2004). Joining parties to a partition action that do not have an interest in the entire property to be partitioned, therefore, constitutes misjoinder.

The plaintiffs argue that the Hillard Bloom trust and the Joan Bloom estate share an identity of interests that allows them to be joined in this partition action. The plaintiffs maintain that the properties located at 38 and 40 Cove Avenue in reality compose a single parcel and, for the purposes of deciding the defendants' motion to strike, should be treated as such by the court. The plaintiffs argue that all well pleaded facts in the

complaint should be deemed to be true when deciding the motion, that the complaint alleged that there is commonality of ownership and identity of interests among the defendants in both parcels, and that both parcels were owned by the same parties. Although we take the facts to be those alleged in the complaint; see *Violano* v. *Fernandez*, supra, 88 Conn. App. 4; whether the two properties have become merged or are deemed to compose a single tract is a conclusion rather than a fact.

In their amended complaint, the plaintiffs alleged that "there is a commonality of ownership and identity of interests among the defendants in both parcels . . . in that both parcels were owned and controlled by the same parties, both parcels are now owned and controlled by the same parties and, absent [the partition requested], both parcels will be owned and controlled by the same parties . . . ." In support of this conclusion, the plaintiffs alleged the following facts: 38 Cove Avenue and 40 Cove Avenue are adjacent properties that share a common driveway and parking area; the two properties originally shared two owners as tenants in common; each property is integral to access of the other; each of the properties loses substantial value without the access provided by the other; the Hillard Bloom trust is the owner as a tenant in common with the plaintiffs in the 38 Cove Avenue property; and the Joan Bloom estate is the owner as a tenant in common with the plaintiffs in the 40 Cove Avenue property.

These facts are insufficient to support a conclusion that 38 and 40 Cove Avenue constitute a single parcel and that the owners of each share an identity of interests. First, the properties are analytically and historically distinct and separate from each other. The Hillard Bloom trust has no interest in the 40 Cove Avenue property and the Joan Bloom estate has no interest in the 38 Cove Avenue property. The two parcels were

purchased as separate tracts roughly four years apart. When Hillard Bloom quitclaimed his interest in 40 Cove Avenue to Joan Bloom, he retained his interest in 38 Cove Avenue. This severance tends to show that the two properties are distinct from one another and were treated as such. Second, the owners of the two properties are distinct entities. The plaintiffs are tenants in common at 38 Cove Avenue with the Hillard Bloom trust and at 40 Cove Avenue with the Joan Bloom estate. The Hillard Bloom trust and the Joan Bloom estate are distinct entities with separate legal identities. Although they apparently share common individuals who are acting in representative capacities in each, the plaintiffs have not alleged facts sufficient to "pierce the veil" of the respective estate and trust and to find a common identity on this basis alone.[5] The plaintiffs, therefore, failed to plead sufficient facts to support the legal conclusion that the defendants share a virtual identity of interests. Counts two and three were properly stricken on the ground of misjoinder.

B

The plaintiffs next claim that the court improperly struck counts two and three of their complaint on the additional basis of nonjoinder. We disagree.

In addition to granting the motion to strike on the basis of misjoinder, the court struck counts two and three on the basis of nonjoinder for failing to include all those parties who have a successor interest deriving from the original cotenancy. The plaintiffs argued in

---

[5] It is true that Miklovich serves as both a trustee to the Hillard Bloom trust and as the executor to the Joan Bloom estate. These are, however, distinct roles with separate legal identities. See *Middlebrook* v. *Pendleton*, 47 Conn. 9, 17–18 (1879) (distinguishing between action against individual as individual and action against individual as executor). Also, it should be noted that Miklovich was not substituted as a party in her capacity as the executor of the Joan Bloom estate until September 14, 2007, more than five years after this action was instituted.

the alternative that even if the court found that the defendants did not share a unity of interests, the "common grantor" exception saves the partition action from misjoinder. The plaintiffs argue that the common grantor exception applies to this case because both 38 and 40 Cove Avenue were owned by Norman Bloom and Hillard Bloom as tenants in common. The defendants argue, however, that the nonjoinder of indispensable parties precludes the plaintiffs from relying on the common grantor exception. We agree.

The following additional facts are relevant to our resolution of the plaintiffs' claim. The defendants alleged that the original tenants, Norman Bloom and Hillard Bloom, owned, in addition to the properties located at 38 and 40 Cove Avenue, as many as nine other properties as tenants in common.[6] The record shows that the plaintiffs did not contest this representation.

According to the common grantor exception, "[t]he rule requiring the parties to be interested in all the land is subject to the exception that if the rights of the parties are all derived from a cotenancy as a common source of title, partition of different parcels will be granted even though one or more of the parties are interested in only one parcel." 59A Am. Jur. 2d, supra, § 76. The

---

[6] The plaintiffs claim that the defendants' motion to strike on the ground of nonjoinder was an impermissible "speaking motion" because it relied on evidence outside of the complaint to show the existence of the other properties. Evidence of the other properties that make up the original estate, however, was admitted properly under Practice Book § 10-39 (b), which provides: "A motion to strike on the ground of nonjoinder of a necessary party . . . must give the name and residence of the missing party or interested person or such information as the moving party has as to the identity and residence of the missing party or interested person and must state the missing party's or interested person's interest in the cause of action." The defendants satisfied these requirements in its motion to strike. The defendants' motion to strike on the basis of nonjoinder was, therefore, not an impermissible "speaking motion," as the plaintiffs claim, in the context of this case.

common grantor exception "is confined to the single situation where all of the property was originally held by the same cotenants, but one of those tenants conveyed an interest in one of the parcels to a third party." Id. A suit for partition, however, "should include all lands of the original cotenancy. One cotenant cannot enforce partition of part only of the common estate." Id., § 77. This is because the exception "is based on the universally accepted doctrine that one cotenant cannot prejudice the rights of cotenants by a conveyance of his or her interest in a portion of the property held in common." Id., § 76; see also *Ianotti* v. *Ciccio*, 219 Conn. 36, 43, 591 A.2d 797 (1991).

The common grantor exception does not apply to the plaintiffs' requested partition because the plaintiffs have failed to join parties who are indispensable to the action.[7] Although the court did not explicitly determine whether the common grantor exception applied to the plaintiffs, it impliedly concluded that the exception did not apply because of nonjoinder: the plaintiffs failed to include as parties the owners of the other properties that composed the entirety of the original cotenancy. In addition to the properties located at 38 and 40 Cove Avenue, the original tenants, Norman Bloom and Hillard Bloom, owned as many as nine other properties as cotenants. These properties, along with 38 and 40 Cove Avenue, composed the original estate. Failure to include those parties who hold an interest in the properties that composed the original tenancy constitutes nonjoinder because they are indispensable parties to the action.

"Parties are considered indispensable when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made

---

[7] The common grantor exception has never been expressly adopted in Connecticut. Even if we assume that Connecticut should adopt that exception, it would not save the stricken counts because of nonjoinder.

without either affecting that interest, or leaving the controversy in such condition that its final [disposition] may be . . . inconsistent with equity and good conscience. . . . Indispensable parties must be joined because due process principles make it essential that [such parties] be given notice and an opportunity to protect [their] interests by making [them] a party to the [action]. . . . Necessary parties, in contrast, are those [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." (Citations omitted; internal quotation marks omitted.) *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 225–26 n.10, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997).

The owners of the other properties derived from the original cotenancy are indispensable parties. "[W]hile a cotenant has a right, on a partition, to a share of the common estate, he has no right to demand a particular part thereof." *Ianotti* v. *Ciccio*, supra, 219 Conn. 43. "[O]ne tenant in common can neither sell nor [encumber] any part of the estate by metes and bounds, so as to prevent such a division or distribution as would give the other tenants in common an [unencumbered] title to the part thus sold or [encumbered]." Id., 42. By omitting the other parties who are successors in interest to the original estate, the plaintiffs are, in effect, demanding partition of a particular part of the original common estate, which included other parcels. Doing so would prejudice the rights of the tenants of the

original estate. The court was correct to conclude that the common grantor exception did not apply because parties with an interest in the original cotenancy are indispensable to this action and were not joined.[8]

II

Next, the plaintiffs claim that the court improperly granted the defendants' motion to dismiss count four. We disagree.

The following additional facts are relevant to our resolution of the plaintiffs' claim. In count four, the plaintiffs requested two sets of easements. The first would have benefited 40 Cove Avenue and burdened 38 Cove Avenue, and the second would have benefited 38 Cove Avenue and burdened 40 Cove Avenue. The court dismissed count four as being unripe for adjudication because the plaintiffs currently own both properties as a tenant in common and, as such, have the right to the full use and enjoyment of both properties. Therefore, the court reasoned, the need for easements matures only in a postpartition context.

The standard of review of a challenge to a court's granting of a motion to dismiss is well established. "In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law.

---

[8] The plaintiffs also argue that to require all those who are successors in interest to the original cotenancy to be joined as parties would be impracticable. The standard of review for such an issue is abuse of discretion. See *Lettieri* v. *American Savings Bank*, 182 Conn. 1, 13, 437 A.2d 822 (1980). The court, however, did not address this issue in its ruling, and the plaintiffs did not move for articulation on this issue. See Practice Book § 66-5. Therefore, there is no record from which this court may address this argument. See *Celentano* v. *Oaks Condominium Assn.*, 265 Conn. 579, 589 n.9, 830 A.2d 164 (2003) ("[b]ecause our review is limited to matters in the record, we will not address issues not decided by the trial court" [internal quotation marks omitted]).

When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Searles* v. *Dept. of Social Services*, 96 Conn. App. 511, 513, 900 A.2d 598 (2006). Ripeness is a justiciability doctrine, which implicates the court's subject matter jurisdiction. See *Esposito* v. *Specyalski*, 268 Conn. 336, 347, 844 A.2d 211 (2004). We will first address the stricken counts, followed by the dismissed count.

The general rule is that a case is justiciable if it is "capable of resolution on the merits by judicial action." *Pellegrino* v. *O'Neill*, 193 Conn. 670, 673, 480 A.2d 476, cert. denied, 469 U.S. 875, 105 S. Ct. 236, 83 L. Ed. 2d 176 (1984). This court does not have jurisdiction to resolve a controversy that is not ripe for adjudication. See *George* v. *Watertown*, 85 Conn. App. 606, 612, 858 A.2d 800, cert. denied, 272 Conn. 911, 863 A.2d 702 (2004). "When a parcel is owned by more than one party, each of whom holds the title to an undivided portion, each party has the right to be in possession of the whole property." *Sclafani* v. *Dweck*, supra, 85 Conn. App. 159.

The court properly granted the defendants' motion to dismiss count four on the ground that it was unripe for adjudication. At this time, the plaintiffs have no need for easements over either 38 or 40 Cove Avenue because, as tenants of each, they have the right to be in possession of the whole property. See id., 160 (finding that easements granted were not necessary because each owner holding undivided one-third interest was entitled to be in possession of whole property regardless of whether easement had been granted as to remaining two thirds). Granting the easements that the plaintiffs request, prior to partition, would have no

effect on the plaintiffs' possession and use of the properties. Therefore, the plaintiffs' claim in count four is not ripe for adjudication.

The judgment is affirmed.

In this opinion the other judges concurred.